CHARLES HOFFMAN, Plaintiff-Appellee, v. THE DEPARTMENT OF CORRECTIONS, Defendant-Appellant.

First District (3rd Division) No. 85—2249

Opinion filed July 15, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles W. Hoffman, of Chicago, for appellee, *pro se.*

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Charles Hoffman, filed a complaint for injunctive relief under the Illinois Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1985, ch. 116, par. 201 *et seq.*). Plaintiff seeks from defendant, Illinois Department of Corrections (Department), disclosure of information relating to the implementation of the Illinois death penalty statute. (Ill. Rev. Stat. 1985, ch. 38, par. 119—5.) Following a hearing, and an *in camera* inspection of material tendered by the Department, the trial court entered an order requiring the Department to disclose portions of the material reviewed *in camera,* and exempting the remaining portions from disclosure. The Department appeals, contending that it is not required to disclose any of the material. We affirm, and remand with directions.

Plaintiff seeks information as to what drugs are to be used by the Department to execute people pursuant to the Illinois death penalty statute. Plaintiff also seeks information as to "the dosage and rate of administration of those drugs, and whether provision had been made for FDA approval of the manner and methods of the procedure, etc."

The Department contends that all of the material that it has relating to plaintiff's request is exempt from disclosure under the FOIA because it is preliminary material as a matter of law. The Department relies upon section 7(f) of the FOIA, which provides that "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated" are exempt from public disclosure. Ill. Rev. Stat. 1985, ch. 116, par. 207(f).

The Department contends that all of the material involved in this case is preliminary material as a matter of law on the basis of two affidavits filed by the Department. One of the affidavits was executed on May 22, 1985, by Leo Meyer, a Deputy Director of the Department. In his affidavit, Meyer states that pursuant to the "recent statutory amendments" which require executions to be made by lethal injection, he directed his staff to prepare a draft for procedures to govern such executions. According to Meyer, the draft which he received from his staff "has remained at all times a preliminary draft which has not yet received approval from the Director of this agency." The other affidavit was executed on June 27, 1985, by the Department's Director, Michael Lane. The affidavit provides that Lane has never authorized or approved any procedures for executions by lethal injection.

The main purpose of the FOIA is to ensure that the public be given full and complete information regarding the affairs of government.[1] (See Ill. Rev. Stat. 1985, ch. 116, par. 201.) Governmental agencies cannot clothe material regarding the affairs of government

---

[1]The execution of people by the State is plainly an affair of government which evokes spirited public controversy. Also, there is a continuing judicial debate over the constitutionality of the Illinois death penalty statute. (See *People v. Christiansen* (1987), 116 Ill. 2d 96, 132 (Simon, J., concurring in part and dissenting in part).) See also *United States ex rel. Lewis v. Lane* (C.D. Ill. 1987), 656 F. Supp. 181, 195 (expressing "grave doubts" over the constitutionality of the Illinois death penalty statute); Note, *Stare Decisis and the Illinois Death Penalty*, 1986 U. Ill. L. Rev. 177.) The procedures to be followed to execute people by lethal injection pursuant to the Illinois death penalty statute may themselves be the subject of spirited public controversy and constitutional challenge if the procedures tend to violate the proscription that no "cruel and unusual punishments [shall be] inflicted." (U.S. Const., amend. VIII. See generally *Chaney v. Heckler* (D.C. Cir. 1983), 718 F.2d 1174, 1191, rev'd on other grounds, (1985), 470 U.S. 821, 84 L. Ed. 2d 714, 105 S. Ct. 1649 (1985).) Thus, the information which the plaintiff seeks is precisely the type of information that is required to be disclosed under the FOIA "to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." Ill. Rev. Stat. 1985, ch. 116, par. 201.

with an exemption from public disclosure by *ipse dixit* statements that the material is part of a preliminary draft. If it appears that governmental material is *de facto* part of a final document, rather than a preliminary draft, it is subject to public disclosure under the FOIA regardless of protestations by the governmental agency. A reliance upon self-determination by public officials and public employees as to what should and what should not be disclosed to the public would frustrate the purpose of the FOIA. Compare *Dudman Communications Corp. v. Department of Air Force* (D.C. Cir. 1987), 815 F.2d 1565, 1569 (referring to the Federal Freedom of Information Act: "If a person requests particular factual material—*e.g.*, material relating to an investigation of a war crime—an agency cannot withhold the material merely by stating that it is in a draft document.").

■ Moreover, section 11(e) of the FOIA allows a court to conduct an *in camera* examination of requested records to determine if such records, or any part, may be withheld from examination under any provision of the FOIA. (Ill. Rev. Stat. 1985, ch. 116, par. 211(e).) It follows that whether any requested material is a preliminary draft within the meaning of the statute is a question of fact to be determined by the trial court, rather than by officials of the Department. We therefore conclude that the affidavits filed by the Department do not render the material exempt from public disclosure as a matter of law.

In deciding whether the material produced by the Department was preliminary or final, the trial court examined the material *in camera*. After making its *in camera* examination, the trial court stated:

"It looked to me like it was a final draft.

* * *

All I had was an affidavit of a party that said that this was a preliminary draft, and the draft itself did not indicate it was preliminary, but indicated it was final, to the Court it was final.

* * *

Let the record show on the material that was submitted it did not appear to this Court it was a preliminary memorandum. It appeared to the Court to be a final document."

■■ Under the FOIA, the burden of proof was on the Department to establish that the material in question was exempt from disclosure. To meet its burden, the Department had to establish, as a matter of fact, that the material was preliminary rather than final. The trial court, after considering the affidavits submitted by the Department, and conducting an *in camera* inspection of the material it-

self, made a factual finding that portions of the material were final rather than merely preliminary. A trial court's finding of fact will not be overturned unless it is against the manifest weight of the evidence. (*Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 318, 469 N.E.2d 183, 191.) We find nothing in this record to demonstrate that the trial court's finding of fact is against the manifest weight of the evidence. Indeed, the circumstances clearly support the trial court's conclusion.

■ The "recent statutory amendments" which require executions to be made by lethal injection, referred to in Leo Meyer's affidavit, became effective on September 8, 1983. (Ill. Rev. Stat. 1985, ch. 38, par. 119—5.) Based on information supplied by the Illinois Department of Corrections, Public Information Office, there are currently 107 prisoners on death row in Illinois. Given the length of time that has elapsed since the legislature required executions to be made by lethal injection, and the number of prisoners currently on death row, the trial court could have found it implausible that the Department's material relating to executions by lethal injection remains preliminary. The order from the trial court must therefore be affirmed.

Accordingly, the Department is required to disclose the information that it has relating to plaintiff's request under the FOIA, as specified in the trial court's order from which this appeal is taken. The trial court's order is affirmed, and the case is remanded for further proceedings consistent with what is stated herein.

Affirmed and remanded for further proceedings.

WHITE and FREEMAN,* JJ., concur.

---

*Justice McGillicuddy heard oral arguments in the above case prior to her retirement. Since that time, Justice Freeman was designated the third member of the panel and has listened to the tapes and read the briefs.