Rule 23 order filed
 NO. 5-98-0329

April 17, 2001;

Motion to publish granted
 IN THE

May 22, 2001.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

MICHAEL D. CARTER, JR., ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Effingham County.  

)

v. ) No. 98-CH-4

)

RONALD J. MEEK, Sheriff of Effingham ) 

County, ) Honorable

) James R. Harvey, 

Respondent-Appellee.   ) Judge, presiding.  

___________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

Michael D. Carter, Jr. (petitioner), appeals the judgment of the circuit court of Effingham County.  The trial court denied petitioner’s request for the disclosure of materials from Ronald J. Meek, Effingham County sheriff (respondent).  Petitioner presents four issues for review:  (1) whether the trial court was biased towards the sheriff’s department, thus denying petitioner a fair hearing, (2) whether the government met its burden of proving that the materials fit into the statutory exemption, (3) whether an 
in camera
 review is sufficient adversarial testing to hold material exempt from disclosure, and (4) whether the decision to treat the documents as a whole, as opposed to disclosing portions of the materials, was in error.  We affirm in part and reverse in part and remand. 

I.  FACTS

On December 8, 1997, petitioner, pursuant to Illinois's Freedom of Information Act (Act) (5 ILCS 140/1 
et seq.
 (West 1996)), requested a copy of the Effingham County Special Operations Group Special Services Team Policy and Procedural Manual (SOG Manual) and a copy of any policy directive issued by the sheriff’s department dated between December 1, 1997, and December 8, 1997, with a reference to petitioner (memorandum).  Respondent denied petitioner’s request.  Petitioner appealed the decision to the head of the public body pursuant to section 10(a) of the Act (5 ILCS 140/10(a) (West 1996)).  The appeal was denied.  Petitioner filed suit for injunctive relief in the circuit court pursuant to section 11 of the Act (5 ILCS 140/11 (West 1996)).  

On April 28, 1998, the trial court granted respondent’s request for a continuance over petitioner’s objection and demand for a hearing on the merits.  The next scheduled hearing was on May 19, 1998.  At this hearing, respondent filed a motion for summary judgment.  However, respondent did not comply with Fourth Judicial Circuit Rule 5-1(e) (4
th
 Judicial Cir. Ct. R. 5-1(e) (eff. November 16, 1984))
, requiring 10 days' written notice on motions for summary judgment.  Petitioner objected to the failure to comply with Rule 5-1(e), and the trial court offered petitioner a choice between (1) granting another continuance to allow proper notice and (2) proceeding on the motion for summary judgment.  While noting his objection, petitioner agreed to a continuance until May 28, 1998.

At the May 28, 1998, hearing, petitioner objected to respondent not giving the required 10 days' written notice for a motion for summary judgment.  The trial court dismissed the objection because at the May 19, 1998, hearing, petitioner knew of the summary judgment motion and, since May 28 was only nine days after May 19, it was impossible for respondent to conform with Rule 5-1(e).  The trial court reasoned that even though the notice was technically defective, petitioner had sufficient notice to maintain fairness in the proceeding.  Next, the trial court proceeded with the summary judgment hearing.  The court granted respondent’s motion for summary judgment, holding that the SOG Manual was exempt pursuant to sections 7(w) and 7(z) of the Act (5 ILCS 140/7(w), (z) (West 1996)) and that any memorandum was exempt pursuant to section 7(w) of the Act.  Petitioner timely appealed.

II.  ANALYSIS

The purpose of the Act is to give citizens the right to open and accessible information concerning the affairs of government.  5 ILCS 140/1 (West 1996); 
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401, 407, 680 N.E.2d 374, 377 (1997); 
American Federation of State County & Municipal Employees (AFSCME), AFL-CIO v. County of Cook
, 136 Ill. 2d 334, 341, 555 N.E.2d 361, 363 (1990); 
Bowie v. Evanston Community Consolidated School District No. 65
, 128 Ill. 2d 373, 378, 538 N.E.2d 557, 559 (1989); 
Baudin v. City of Crystal Lake
, 192 Ill. App. 3d 530, 534-35, 548 N.E.2d 1110, 1113 (1989); 
Hoffman v. Illinois Department of Corrections
, 158 Ill. App. 3d 473, 475, 511 N.E.2d 759, 760 (1987).  The presumption is that requested information should be released unless the information falls within one of the exemptions outlined in section 7 of the Act (5 ILCS 140/7 (West 1996)).  See 
Lieber
, 176 Ill. 2d at 407, 680 N.E.2d at 377; 
Bowie
, 128 Ill. 2d at 378, 538 N.E.2d at 559; 
Baudin
, 192 Ill. App. 3d at 534-35, 548 N.E.2d at 1113.  In order for a government agency to deny a request, it must bear the burden of proving that the information in question falls within a narrowly construed exemption.  See 
Lieber
, 176 Ill. 2d at 407-08, 680 N.E.2d at 377; 
County of Cook
, 136 Ill. 2d at 343-44, 555 N.E.2d at 365; 
Baudin
, 192 Ill. App. 3d at 535, 548 N.E.2d at 1113; 
Hoffman
, 158 Ill. App. 3d at 476, 511 N.E.2d at 761.

In this case, petitioner requested the SOG Manual and any memoranda from December 1, 1997, to December 8, 1997, that mentioned petitioner.  The trial court, after an 
in camera
 inspection, granted respondent’s motion for summary judgment.  The SOG Manual and any memoranda were held exempt under section 7(w), which exempts information relating solely to the internal personnel rules and practices of a public body.  The court held that the SOG Manual also fell under section 7(z)’s exemption of manuals that relate to the collection of liability for state tax or that relate to investigations to determine any violations of the criminal law. 

A reviewing court shall conduct a 
de novo
 review of the evidence in all cases involving a summary judgment.  See 
Ragan v. Columbia Mutual Insurance Co.
, 183 Ill. 2d 342, 349, 701 N.E.2d 493, 496 (1998); 
Busch v. Graphic Color Corp.
, 169 Ill. 2d 325, 333, 662 N.E.2d 397, 402 (1996).  In this case, the Effingham County sheriff’s department is a public body and an investigatory body and, therefore, is the type of government agency to which the exemptions apply.  However, the trial court erred in its interpretation of the law applicable to this case and, therefore, in applying it to the materials at issue.

Petitioner argues that 
Lieber
 and 
County of Cook
 state the applicable law in this case, not the 
Baudin
 case, which relied on a federal case, 
Crooker v. Bureau of Alcohol, Tobacco & Firearms
, 670 F.2d 1051 (D.C. Cir. 1981).  We agree with petitioner's argument.  The supreme court, as stated in 
Lieber
 and 
County of Cook
, noted that Illinois's act is different than the federal act and subject to a different interpretation.  Accordingly, 
Baudin
, with its reliance on 
Crooker
, is not applicable to this set of circumstances.  As noted in 
County of Cook
 and 
Lieber
, the statute is to be liberally construed in favor of disclosure, and the exemptions noted, including the exemptions relied upon by respondent–sections 7(w) and 7(z)–are to be strictly construed.  See also 
Carbondale Convention Center, Inc. v. City of Carbondale
, 245 Ill. App. 3d 474, 614 N.E.2d 539 (1993). 

This matter comes before the court in an appeal of a summary judgment in favor of respondent on both of petitioner's requests for disclosure.  It is basic law that in order for a court to appropriately grant a summary judgment, there must be no genuine issue as to material fact and the movant must be entitled to a judgment as a matter of law.  It is also basic law that the motion is to be construed strictly against the movant.  See 
Purtill v. Hess
, 111 Ill. 2d 229, 489 N.E.2d 867 (1986).  We conclude that the trial court erred in determining that there was no genuine issue of material fact and in determining that the movant was entitled to a judgment as a matter of law on both requests.

Considering first the sheriff's department manual, the court was correct in determining that it is a document the nature of which would come under the exemption noted in section 7(w) (5 ILCS 140/7(w) (West 1996)).  However, nothing in the record indicates that the document is not capable of a redaction of those contents which come under the exemption of section 7(w).  Such a manual would contain information relating to a public body's investigatory procedures and other procedures designed to discharge its duties and for the enforcement of the law.  Clearly, personnel information such as telephone numbers, addresses, cellular phone numbers, and sensitive material as to tactical reactions would fall under the exemptions the legislature intended in section 7(w) of the Act.  The record does not clearly show that the entire document, in every page and every sentence, contains material that would properly fall under the exemption.  Accordingly, while the trial court was correct in its basic categorization of the manual, the trial court erred in not redacting those portions of the manual that fall under the exemption and ordering respondent to disclose the remainder.

No such exemption, neither section 7(w) nor section 7(z), would apply to the memorandum concerning people, specifically attorneys, at the jail.  This memorandum appeared to be aimed at petitioner.  There is nothing in the record justifying this memorandum being withheld after a request under the Act.  Nothing in the record indicates to this court, or is the basis for a trial court's finding, that a memorandum in the sheriff's department aimed at controlling access of attorneys, specifically petitioner, to clients in the county jail would fall under the exemption.  We note that petitioner is a licensed attorney and, therefore, an officer of the court.  Therefore, we will assume, unless the record shows otherwise, that he poses no danger to the proper functioning of a law enforcement agency such that a memorandum concerning his activities in meeting clients in a county jail would come under any of the narrowly construed exemptions the legislature has included in the Act.

The court has reviewed the memorandum and manual as a part of our 
de novo
 review and concludes the following concerning disclosure:

1. The memorandum consisting of three sheets dealing with petitioner is not exempt from disclosure.

2. The following sections of the manual are exempt from disclosure:  section I, paragraphs B and C; section IV, paragraphs A and B; section V; section XI; SOG call-out sheets; SST call-out sheets; SST signals; and SST warrant operations.

Accordingly, we hold that the trial court was correct in determining that the manual generally came under the exemption of section 7(w), but the court erred in failing to review the manual with the purpose of redacting those exempt parts and ordering the disclosure of the remainder.  We, therefore, affirm in part and remand with directions to order a redaction of the sections noted in the preceding paragraph and order a disclosure of the remainder of the manual 
instanter
.  We further hold that the trial court erred in determining that the memorandum of the sheriff's department was exempt under either section 7(w) or 7(z), and we reverse and remand with directions to order the disclosure of the memorandum 
instanter
.

Affirmed in part and reversed in part; cause remanded with directions.  

CHAPMAN, P.J., and MAAG, J., concur.

                                      NO. 5-98-0329

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

MICHAEL D. CARTER, JR., ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Effingham County.  

)

v. ) No. 98-CH-4

)

RONALD J. MEEK, Sheriff of Effingham ) 

County, ) Honorable

) James R. Harvey, 

Respondent-Appellee.   ) Judge, presiding.  

___________________________________________________________________________________

Rule 23 Filed:
 April 17, 2001

Motion to Publish Granted:
 May 22, 2001

Opinion Filed
: May 22, 2001

___________________________________________________________________________________

Justices
: Honorable Richard P. Goldenhersh, J.

Honorable Charles W. Chapman, P.J., and

Honorable Gordon E. Maag, J.,

Concur

___________________________________________________________________________________

Attorney
 Michael D. Carter, Jr., Sutterfield Law Offices, P.C., 208 So. Second, P.O. Box

for
 836, Effingham, IL 62401

Appellant
 

___________________________________________________________________________________

Attorneys
 Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Rebecca E.

for
 Etherton, Staff Attorney, State's Attorneys Appellate Prosecutor, Route 15 East, 

Appellee
 P.O. Box 2249, Mt. Vernon, IL 62864

___________________________________________________________________________________