The PROVIDENCE JOURNAL
COMPANY

v.

CONVENTION CENTER
AUTHORITY.

No. 2002–132–Appeal.

Supreme Court of Rhode Island.

May 12, 2003.

Kristin E. Rodgers/Joseph A. Cavanagh, for Plaintiff.

David A. Wollin, Providence, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS and GOLDBERG, JJ, and WEISBERGER, C.J. (Ret.).

**OPINION**

PER CURIAM.

The plaintiff, the Providence Journal Company (the Journal), appeals the Superior Court's entry of summary judgment for the defendant, the Convention Center Authority (the Authority). The Journal had moved for summary judgment, seeking the disclosure of three contracts the Authority entered into concerning a golf tournament and a banquet. The Journal argued that such disclosure was required by the Access to Public Records Act (APRA), G.L.1956 chapter 2 of title 38. A Superior Court justice granted the Journal's motion, but limited it by granting the Authority's motion to redact the purchase price of various items in the contracts, and by ordering further redactions *sua sponte.* The Journal appealed. We heard arguments from both sides on April 1, 2003, pursuant to an order that the parties show cause why the issues raised should not be

summarily decided. Upon hearing the arguments, reading the briefs, and examining the record, we conclude that cause has not been shown, and that the case should be decided at this time. We sustain the Journal's appeal.

This case comes before us now for a second time. In 1996, a Journal reporter requested of the Authority numerous documents pertaining to two events, the Mobil Celebrity Golf Invitational Tournament hosted by the Westin Hotel on August 3 to August 6, 1995, and the Verrazano Day Banquet held at the Convention Center on May 19, 1996. When the Authority declined to provide this information, the Journal filed a complaint in Superior Court, alleging that the refusal violated the Journal's rights under APRA. Both parties moved for summary judgment on that claim, and the Superior Court justice entered judgment in favor of the Authority. We affirmed in part and reversed in part that judgment in *The Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40 (R.I.2001) (*Convention Center I*). In that opinion, we divided the information the Journal had sought into two types: documents reflecting the negotiation process, and documents representing the final contracts. We held that APRA did not mandate the publication of documents reflecting the negotiation process because that information was exempt from disclosure under APRA § 38–2–2(4)(i)(B). *Convention Center I*, 774 A.2d at 48–49. With respect to the final contracts, however, we held that "final contracts between the parties are subject to APRA and the public's right of access," and thus reversed in part the Superior Court's judgment. *Id.* at 50.

On remand the parties proposed, and the Superior Court approved, a procedure in which the final contracts were submitted to the court for its *in camera* inspection to determine whether some material should be redacted from the final contracts. The Authority highlighted three pieces of information that it wanted redacted from the final contracts: the prices of food and beverages and related services in the Service America final contracts; the rent charges for using the Convention Center building in the Rhode Island Convention Center final contracts; and the prices for rooms and any reference to complimentary rooms in the Westin Hotel final contracts. The motion justice conducted an *in camera* view of the final contracts and held a hearing on the redaction issue, at which point she considered each party's motion for summary judgment with regard to the final agreements. She granted the Journal's motion only in part. She limited the information the Authority was required to disclose by granting the Authority's motion for summary judgment with regard to the three items it sought to redact. She further ordered the redaction, *sua sponte*, of additional information; namely, she ordered the unrequested redaction of the names of the agents who negotiated with the Authority, of information concerning beverages, particularly alcohol, and of the possible use of "a [locally known] person's services to provide insurance." The Journal appealed.

■ The first issue before us is whether the Superior Court justice erred in granting the Authority's request to redact the prices of food and beverages and related services in the Service America final contracts, the rent charges for use of the Convention Center building in the Rhode Island Convention Center final contracts, and the prices for rooms and any reference to complimentary rooms in the Westin Hotel final contracts. In allowing the redactions, the hearing justice commented: "the final negotiated price * * * reflects the negotiations between the parties which means it reflects what the buyer is willing to pay for those services and facilities." She then concluded that the final prices

were items that the customers would want to remain confidential and that, as with the documents reflecting the negotiation process that we addressed in *Convention Center I,* the "negotiated price" should remain confidential.

The motion justice's interpretation of *Convention Center I* is inconsistent with our clear mandate in that case. In *Convention Center I,* we distinguished the "fruits" of the negotiating process from the "spade work performed in the garden leading up to the harvest." *Convention Center I,* 774 A.2d at 45. We held that, unlike documents reflecting the negotiation process, final agreements, the "fruits" of negotiation, should be available to the public pursuant to APRA. *Id.* at 50. The only exceptions to which we pointed were items "such as insurance or financing consideration and profit projections," so long as such items were "segregable." *Id.* These are all matters not within the four corners of a contract; the contract itself, we made clear, must be disclosed in full. Certainly, the final prices, the consideration offered by the purchaser of the goods and services, were part of the final contract and thus must be disclosed.

Indeed, we specifically implied that the final price is an item that must be disclosed under APRA. *Convention Center I,* 774 A.2d at 50. In footnote seven, we contrasted the public Authority and the regime of disclosure that the General Assembly has required for it with the Authority's privately owned competitors, who "are not required to make public their contracts and presumably the prices charged for the use of their facilities." *Id.* at 50, n. 7. We even remarked that this difference in disclosure requirements may harm the Authority's ability to compete, but held that "the resolution of this issue rests with the General Assembly and not this Court." *Id.* As we stated in *Convention Center I,* the Legislature has spoken,

and in APRA they required that the final agreements, including the purchase prices contained therein, be subject to the public's right of access. Accordingly, the motion justice erred in permitting the redaction of the prices of food, beverages, and related services in the Service America final contract, the rent charges for use of the Convention Center building in the Rhode Island Convention Center final contracts, and the prices for rooms and any reference to complimentary rooms in the Westin Hotel final contracts.

 The remaining issue is whether the hearing justice erred in ordering, *sua sponte,* additional redactions that the Authority did not request. Under the general principles of the adversary system, a party should not be granted relief that it did not request. *See, e.g., Direct Action for Rights and Equality v. Gannon,* 713 A.2d 218, 225 (R.I.1998) (the trial justice erred by granting the plaintiff in an APRA case more relief than it had sought); *Vargas Manufacturing Co. v. Friedman,* 661 A.2d 48, 55 (R.I.1995) (noting that such relief is unfair because the opposing party is not afforded notice and thus does not have a meaningful opportunity to present argument in opposition); *Santos v. Santos,* 568 A.2d 1010, 1011 (R.I.1990) (same). Accordingly, all the information that the Authority did not ask to be redacted from the final contracts should be disclosed to the Journal.

In sum, we sustain the Journal's appeal, and we reverse the judgment of the Superior Court insofar as it provided for the redaction of items in the final contracts and items not requested by the Authority. We remand the papers in this case to the Superior Court with directions to disclose the final contracts without redaction.