# Illinois Official Reports

## Appellate Court

---

### *Better Government Ass'n v. Village of Rosemont*, 2017 IL App (1st) 161957

---

| | |
|---|---|
| Appellate Court Caption | BETTER GOVERNMENT ASSOCIATION, Plaintiff-Appellee, v. THE VILLAGE OF ROSEMONT, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-16-1957 |
| Filed | June 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-1061; the Hon. Rita Novak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Loevy & Loevy, of Chicago (Matthew Topic and Joshua Hart Burday, of counsel), for appellant.<br><br>Rosenthal, Murphey, Coblentz & Donahue, of Chicago (Peter D. Coblentz and Matthew D. Rose, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1     Better Government Association (BGA) made a request to see some contracts for use of entertainment venues owned by the Village of Rosemont. Rosemont produced the requested contracts, but it redacted from the contracts the rent and financial incentives, such as the distribution of revenue from food concessions. BGA filed a complaint under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)), seeking an order requiring Rosemont to disclose the redacted portions of the contracts. The circuit court granted BGA's motion for summary judgment on the complaint. Rosemont appeals from the order requiring disclosure of the redacted terms of the contracts.

¶ 2     We hold that FOIA does not exempt from disclosure the rent Rosemont charged and the negotiated financial incentives Rosemont provided to the persons who sought to use Rosemont's facilities. Rosemont lacked authority to exempt from disclosure documents that FOIA required Rosemont to disclose. Accordingly, we affirm the trial court's judgment.

¶ 3                          BACKGROUND

¶ 4     In 2014, Garth Brooks played a concert at Allstate Arena, which Rosemont owns and operates. Stacy St. Clair of the Chicago Tribune sent a request to Rosemont for all contracts related to Brooks's appearance at Allstate Arena. Rosemont redacted significant portions from the contracts it sent to St. Clair. On October 10, 2014, St. Clair filed with the Public Access Bureau of the Attorney General's Office a request for review of Rosemont's partial denial of her request for information.

¶ 5     On November 12, 2014, before the Attorney General issued an opinion concerning the request, Rosemont adopted Ordinance No. 2014-11-12, titled "An Ordinance Providing for the Protection of Confidential Financial and Proprietary Information Relating to the Operation of Village of Rosemont Entertainment Venues." Rosemont Ordinance No. 2014-11-12 (approved Nov. 12, 2014). The ordinance provides, "Notwithstanding *** the Illinois Freedom of Information Act, no officer or employee of the Village of Rosemont shall knowingly disclose confidential financial or proprietary information relating to any Amusement Event held or to be held at an Entertainment Venue." Rosemont Ordinance No. 2014-11-12 (approved Nov. 12, 2014). The ordinance defined "Entertainment Venues" to include Allstate Arena and the Donald E. Stephens Convention Center. Rosemont Ordinance No. 2014-11-12 (approved Nov. 12, 2014). The ordinance defined "Confidential Financial or Proprietary Information" to mean "information pertaining to the amount of money paid by a Producer to secure the use of an Entertainment Venue for production and presentation of an Amusement Event and any financial incentives, considerations or payments to be made to a Producer as an inducement to license or rent the Entertainment Venue for production and presentation of an Amusement Event." Rosemont Ordinance No. 2014-11-12 (approved Nov. 12, 2014).

¶ 6     Rosemont filed with the Public Access Bureau a response to St. Clair's request for review, asserting that the ordinance exempted from disclosure the redacted parts of the contracts with Brooks.

¶ 7     On November 13, 2014, the day after Rosemont adopted Ordinance 2014-11-12, the BGA requested from Rosemont all contracts for events held at Allstate Arena and the

Convention Center in 2014. Rosemont sent BGA copies of the contracts, but it redacted from the contracts "confidential financial and proprietary information of the Village of Rosemont consisting of amounts paid as rent for use of the relevant entertainment venue for these events, and rebates or financial inducements, if any, paid by the Village of Rosemont for production and presentation of such amusement event[s] at the Allstate Arena or the Convention Center."

¶ 8 On January 22, 2015, BGA filed a complaint charging Rosemont with violating the FOIA. The complaint initiated the lawsuit now before this court. Rosemont answered that sections 7(1)(a) and 7(1)(g) of the FOIA (5 ILCS 104/7(1)(a), (g) (West 2014)), as well as Ordinance 2014-11-12, exempted the redacted portions of the contracts from disclosure.

¶ 9 Section 7(1) of the FOIA provides:

"(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

(a) Information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law.

* * *

(g) Trade secrets and commercial or financial information obtained from a person or business where the trade secrets or commercial or financial information are furnished under a claim that they are proprietary, privileged or confidential, and that disclosure of the trade secrets or commercial or financial information would cause competitive harm to the person or business, and only insofar as the claim directly applies to the records requested." 5 ILCS 140/7(1)(a), (g) (West 2014).

¶ 10 On January 23, 2015, the Attorney General issued a binding opinion concerning St. Clair's request for Rosemont's contract with Brooks. The Attorney General said:

"[T]he regulation of access to governmental information is an area in which 'the state has a vital interest and a traditionally exclusive role.' [*City of Chicago v.*] *StubHub,* [*Inc.,*] 2011 IL 111127, ¶ 25. Therefore, the Village of Rosemont's Ordinance No. 2014-11-12 does not pertain to the Village's government and affairs within the meaning of article VII, section 6(a) of the Illinois Constitution of 1970, and consequently is not a valid exercise of home rule power. The Village cannot pass an Ordinance to avoid disclosing public records to the public. Thus, the Ordinance has no effect upon the Village's duty to comply with Ms. St. Clair's FOIA request. ***

* * *

Under the plain language of article VIII, section 1(c) of the Illinois Constitution and section 2.5 of FOIA, a public body cannot withhold information concerning funds it expends or receives from its agreements with private entities. Moreover, section 7(1)(g) does not apply to the financial terms of these agreements because the financial terms were not 'obtained from a person or business' as section 7(1)(g) plainly requires, but rather were negotiated between the parties. ***

- 3 -

* * *

> *** The financial terms of contracts with public bodies are expressly subject to disclosure under *** section 2.5 of FOIA. ***
> ***
>
> For the reasons stated above, it is the opinion of the Attorney General that the Village improperly denied, in part, Ms. St. Clair's Freedom of Information Act request ***." 2015 Ill. Att'y Gen. Op. No. 15-002, at 10, 12, 15, http://foia.ilattorneygeneral. net/pdf/opinions/2015/15-002.pdf.

¶ 11    Rosemont decided not to appeal from the Attorney General's opinion. It sent St. Clair the Brooks contracts with the terms she sought.

¶ 12    Rosemont subsequently filed an answer to BGA's complaint, raising again several of the arguments in raised in the litigation concerning Brooks's contracts. Rosemont appended to its answer affidavits from the general manager of Allstate Arena and the executive director of the Convention Center, who said that public disclosure of the redacted information from the 2014 contracts, including the rents and other negotiated terms of the contracts, would harm the competitive position of Allstate Arena, the Convention Center, and the persons who rented Allstate Arena and the Convention Center in 2014.

¶ 13    BGA filed a motion for summary judgment. The circuit court heard oral arguments on the motion and said that section 7(1)(g) of the FOIA did not protect Rosemont's trade secrets, because Rosemont did not obtain its own secrets from any other person or business. Insofar as Rosemont sought to protect the secrets of persons who rented Allstate Arena or the Convention Center, the court found no evidence those parties considered the terms of the contracts confidential. The court held that section 7(1)(a) also did not preclude disclosure of the rental terms.

¶ 14    The circuit court found that the FOIA prevented Rosemont from adopting an ordinance that effectively prevented disclosure of documents that the FOIA subjected to disclosure. The circuit court said:

> "Now, is this to say that the ordinance is unconstitutional? Maybe to some extent. I don't know if this ordinance would have some application other than how it would apply to this case. But certainly with respect to the Village's attempt to control the determination of what documents are disclosable under FOIA and the scope of the exemptions, I think it's preempted."

¶ 15    Rosemont filed a motion for reconsideration, arguing that the circuit court's ruling included a determination that Ordinance No. 2014-11-12 violated the Illinois Constitution and the circuit court should not reach constitutional issues when the court could decide the case on nonconstitutional grounds. The circuit court granted the motion, and on reconsideration, entered an order holding that the Attorney General's decision concerning the Brooks contracts collaterally estopped Rosemont from relitigating the issue of whether the FOIA required disclosure of rent and other terms regarding payments for use of Rosemont's entertainment venues. The court reasserted its ruling that sections 7(1)(g) and 7(1)(a) of the FOIA did not exempt the redacted portions of the contract from disclosure. The court vacated only its ruling on the validity of Rosemont's ordinance. Rosemont now appeals.

¶ 16                                       ANALYSIS

¶ 17      Rosemont argues that the Attorney General's decision concerning the Brooks contracts should not collaterally estop Rosemont from contesting BGA's FOIA request and sections 7(1)(g) and 7(1)(a) of the FOIA, as well as Ordinance No. 2014-11-12, exempt from disclosure the redacted portions of the contracts. We review *de novo* the order granting a motion for summary judgment. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010).

¶ 18                                  Collateral Estoppel

¶ 19      A party seeking to invoke collateral estoppel must show "(1) that the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) that there was a final judgment on the merits in the prior adjudication; and (3) that the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Herzog v. Lexington Township*, 167 Ill. 2d 288, 295 (1995). "Application of the doctrine of collateral estoppel must be narrowly tailored to fit the precise facts and issues that were clearly determined in the prior judgment." *Kessinger v. Grefco, Inc.*, 173 Ill. 2d 447, 467 (1996). While the Attorney General stated as a general principle that the "financial terms of contracts with public bodies are expressly subject to disclosure under *** section 2.5 of FOIA," the Attorney General needed to decide only whether the FOIA required Rosemont to disclose the terms of its contracts with Brooks, including the amount of rent charged and the financial incentives given to Brooks.

¶ 20      We find this case similar to *Lardner v. Department of Justice*, 638 F. Supp. 2d 14 (D.C. Cir. 2009) (*Lardner II*). Lardner initially requested complete files of pardon applications submitted by 25 people. The Department of Justice provided the files but redacted from the files the names of unsuccessful applicants for pardons. Lardner challenged the redactions. *Lardner v. United States Department of Justice*, No. Civ.A.03-0180, 2005 WL 758267, at *1, *3 (D.D.C. Mar. 31, 2005) (*Lardner I*). A court held that the department had a duty to disclose the redacted names. *Lardner I*, 2005 WL 758267, at *20.

¶ 21      Lardner then filed a new federal FOIA request, seeking "materials listing the identities of all clemency applicants whose applications were denied" during a specified period. *Lardner II*, 638 F. Supp. 2d at 22. Lardner argued that the prior decision collaterally estopped the department from contesting his request. The *Lardner II* court said,

> "although both actions broadly confront the propriety of withholding the identities of unsuccessful clemency applicants, the circumstances in which the withholdings were made vary substantially between the two matters. Moreover, Plaintiff seeks to apply the doctrine to litigation of a legal issue, not a factual one, and in such circumstances, the D.C. Circuit has counseled that there is 'more room for a second look when the issue is one of law than when a fact question is at stake.' [*National Treasury Employees Union v. Internal Revenue Service* 765 F.2d 1174, 1177 (D.C. Cir. 1985)]. In light of this observation and the differences between the two actions, the Court is persuaded that it is appropriate to permit [the Office of Pardon Attorney (OPA)] the opportunity to demonstrate why the legal issue should be resolved differently in this case, given the differences between the actions, rather than precluding OPA from litigating the merits of the new situation." *Lardner II*, 638 F. Supp. 2d at 23.

¶ 22     Here, both St. Clair's litigation and BGA's lawsuit against Rosemont concern the withholding of contractual terms, including negotiated incentives, for persons and businesses to use Rosemont's entertainment venues. However, the kinds of incentives, as well as the value of the incentives, could vary widely from contract to contract. BGA, like Lardner, seeks to apply collateral estoppel to a legal issue and not to a factual determination the Attorney General made. In accord with the reasoning of *Lardner II*, we find that the court should give Rosemont the opportunity to demonstrate that the court should treat the legal issue differently for some of the contracts at issue here. Accordingly, we hold that collateral estoppel does not apply here to bar Rosemont from arguing that the FOIA and Ordinance 2014-11-12 exempt the redacted portions of the contracts from disclosure.

¶ 23                                    Section 7(1)(g)

¶ 24     Rosemont argues that section 7(1)(g) of FOIA exempts the redacted portions of the contracts from disclosure. The General Assembly enacted FOIA "to open agency action to the light of public scrutiny and to protect the public from government malfeasance and misfeasance." (Internal quotation marks omitted.) *Roulette v. Department of Central Management Services*, 141 Ill. App. 3d 394, 398 (1986). The General Assembly asserted, in FOIA's public policy section, that "access [to public records] is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." 5 ILCS 140/1 (West 2014). Rosemont "must comply with a valid request for information unless one of the narrow statutory exemptions set forth in section 7 of the FOIA applies." *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 13. "It is the public body's burden to prove by clear and convincing evidence that the requested records fall within any claimed exemption." *Better Government Ass'n v. Zaruba*, 2014 IL App (2d) 140071, ¶ 19. "The legislature patterned the Illinois law after the Federal Freedom of Information Act [citation] and case law construing the Federal statute should be used in Illinois to interpret our own FOIA." *Cooper v. Department of the Lottery*, 266 Ill. App. 3d 1007, 1012 (1994). Cases from other states concerning freedom of information may have persuasive force. *Kenyon v. Garrels*, 184 Ill. App. 3d 28, 32 (1989).

¶ 25     Rosemont cites as persuasive authority *Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40 (R.I. 2001) (*Providence Journal I*). The Providence Journal requested from the Authority " 'documents regarding negotiations that led to the booking' " of two events, along with the contracts the Authority entered into in connection with the two events. *Providence Journal I*, 774 A.2d at 42. The *Providence Journal I* court looked to decisions interpreting the federal FOIA to help interpret Rhode Island's law. *Providence Journal I*, 774 A.2d at 46-48. The *Providence Journal I* court distinguished the documents produced during the negotiating process from the final contracts and upheld the Authority's decision not to disclose the documents produced during negotiations. But the Authority could not withhold the contracts. The *Providence Journal I* court said, " '[w]hile contracts may certainly contain information, such as the price of goods being sold, the entire contract itself cannot qualify as 'information' in any ordinary sense of either word.' " *Providence Journal I*, 774 A.2d at 50 (quoting *Piper & Marbury L.L.P. v. United States Postal Service*, No. CIV.A. 99-2383, 2001 WL 214217, at \*4 (D.D.C. Mar. 6, 2001)). The *Providence Journal I* court reversed and

remanded for further litigation concerning the contracts. *Providence Journal I*, 774 A.2d at 50.

¶ 26      On remand, the superior court ordered the Authority to produce the three contracts, but the court permitted the Authority to redact from the contracts "the prices of food and beverages and related services \*\*\*; the rent charges for using the Convention Center building \*\*\*; and the prices for rooms and any reference to complimentary rooms." *Providence Journal Co. v. Convention Center Authority*, 824 A.2d 1246, 1247 (R.I. 2003) (*Providence Journal II*). The superior court reasoned that the final negotiated "prices were items that the customers would want to remain confidential and that, as with the documents reflecting the negotiation process that we addressed in [*Providence Journal I*], the negotiated price should remain confidential." (Internal quotation marks omitted.) *Providence Journal II*, 824 A.2d at 1247-48. The Supreme Court of Rhode Island reversed the superior court, holding that "unlike documents reflecting the negotiation process, final agreements, the 'fruits' of negotiation, should be available to the public \*\*\*. \*\*\* Certainly, the final prices, the consideration offered by the purchaser of the goods and services, were part of the final contract and thus must be disclosed." *Providence Journal II*, 824 A.2d at 1248 (citing *Providence Journal I*, 774 A.2d at 50).

¶ 27      We agree with the *Providence Journal II* court that the final negotiated price of a contract does not qualify as "information obtained" from the purchaser within the meaning of section 7(1)(g). Rosemont admits that the redacted portions of the contracts include its standard rental rates for use of the entertainment venues. Rosemont told the purchasers Rosemont's standard rates. Rosemont did not obtain information about Rosemont's standard rates from the renters. See *Bloomberg, L.P. v. Board of Governors of the Federal Reserve System*, 601 F.3d 143, 148 (2d Cir. 2010) (amount and rates of loans do not qualify as information obtained from borrowers). We also agree with the *Providence Journal II* court and the Attorney General's opinion that the public has a right to know about the sources and dispositions of public funds. See 5 ILCS 140/2.5 (West 2014). Accordingly, we hold that section 7(1)(g) does not exempt from disclosure the redacted portions of the contracts at issue here.

¶ 28                              Section 7(1)(a)

¶ 29      Section 7(1)(a) exempts from disclosure only "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." 5 ILCS 140/7(1)(a) (West 2014). Rosemont claims that the Illinois Trade Secrets Act (Trade Secrets Act) (765 ILCS 1065/1 *et seq.* (West 2014)) specifically prohibits disclosure of the terms of its contracts. But the Trade Secrets Act provides only that "[a]ctual or threatened misappropriation [of trade secrets] may be enjoined." 765 ILCS 1065/3(a) (West 2014). The Trade Secrets Act does not specifically prohibit any disclosures. Rosemont has not sought an injunction under the Trade Secrets Act, but even if a court had imposed such an injunction, disclosure would violate the court's injunction and not a State or federal law or rules or regulations implementing State or federal law. Thus, section 7(1)(a) does not exempt from disclosure the redacted portions of the contracts at issue.

¶ 30      Moreover, we agree with BGA that the General Assembly adopted section 7(1)(g) as its prohibition on disclosure of trade secrets under the FOIA. Rosemont cites no case or legislative history to support its claim that the legislature intended to add a second

prohibition on the disclosure of trade secrets in section 7(1)(a).

¶ 31                           Ordinance 2014-11-12

¶ 32     Finally, Rosemont contends that its Ordinance 2014-11-12 exempts the redacted portions of the contracts from disclosure. Rosemont, a home rule unit, may exercise any power pertaining to its government and affairs. *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 174 (1992). The state legislature may preempt a home rule unit's authority over a particular issue, but to do so, the state "legislation must contain express language that the area covered by the legislation is to be exclusively state controlled; it is not enough that the legislature comprehensively regulates an area which otherwise would fall into home rule authority." *Crawford v. City of Chicago*, 304 Ill. App. 3d 818, 826 (1999).

¶ 33     FOIA provides, "This Act shall be the exclusive State statute on freedom of information, except to the extent that other State statutes might create additional restrictions on disclosure of information or other laws in Illinois might create additional obligations for disclosure of information to the public." 5 ILCS 140/1 (West 2014). We find that in this provision, the legislature expressly stated its intent that only state statutes may create additional restrictions on disclosure of information, and other laws in Illinois, including ordinances of home rule units, may create additional obligations for disclosure but cannot create exemptions from disclosure.

¶ 34     Rosemont claims that the FOIA does not sufficiently specify the intent to have restrictions on disclosure come exclusively under state control. Under Rosemont's interpretation, "the public disclosure of information in the possession of a [home rule unit] would be largely at the unfettered discretion of that body. This would derogate the purpose of both the State and Federal Freedom of Information Acts and the case law that has construed them." *Cooper*, 266 Ill. App. 3d at 1024. "A reliance upon self-determination by public officials and public employees as to what should and what should not be disclosed to the public would frustrate the purpose of the FOIA." *Hoffman v. Department of Corrections*, 158 Ill. App. 3d 473, 476 (1987). Interpreting the FOIA "in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it" (*Hall v. Henn*, 208 Ill. 2d 325, 330 (2003)), we find that the FOIA precludes Rosemont from creating additional restrictions on public access to information.

¶ 35                              CONCLUSION

¶ 36     An adjudication that the FOIA requires Rosemont to disclose all the terms of one contract does not collaterally estop Rosemont from contesting disclosure of the terms of other contracts. The trade secrets exemption in section 7(1)(g) of FOIA does not apply to information or offers, such as standard rental rates, supplied by the public body to a private contractor. Because no state or federal law prohibits disclosure of the redacted portions of the contracts at issue, section 7(1)(a) does not exempt those portions from disclosure. FOIA requires disclosure of all the negotiated terms of the contracts at issue, including rent and incentives Rosemont gave private contracting parties. Home rule units have the power to expand the duty to disclose, but they lack authority to exempt from disclosure documents and information for which FOIA mandates disclosure. Accordingly, we affirm the circuit court's judgment directing Rosemont to disclose specific rental and incentive terms of its contracts

for use of Allstate Arena and the Convention Center.

¶ 37          Affirmed.