# Illinois Official Reports

## Appellate Court

---

**Martinez v. Cook County State's Attorney's Office, 2018 IL App (1st) 163153**

---

| | |
|---|---|
| Appellate Court Caption | FREDDY MARTINEZ, Plaintiff-Appellant, v. COOK COUNTY STATE'S ATTORNEY'S OFFICE, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-16-3153 |
| Filed | March 12, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-5943; the Hon. Kathleen Kennedy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Matthew Topic and Joshua Hart Burday, of Loevy & Loevy, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Chaka M. Patterson, Sisavanh B. Baker, and Jayman A. Avery III, Assistant State's Attorneys, of counsel), for appellee. |
| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Cook County State's Attorney's Office, repeatedly denied plaintiff Freddy Martinez's Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2012)) requests for disclosure of public records related to defendant's alleged use of information obtained from cell site simulators in criminal prosecutions. Plaintiff filed suit alleging a violation of FOIA, and the parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of defendant and against plaintiff, finding each request facially improper or exempt from disclosure. We affirm.

¶ 2                                    BACKGROUND

¶ 3    On December 31, 2014, plaintiff sent a FOIA request to defendant, seeking disclosure of records related to defendant's use of information obtained from cell site simulators or "stingray" devices in criminal prosecutions (First Request):

> "For each instance in which information obtained using a cell site simulator (also known as IMSI catcher or commonly known as "stingray" equipment) was used in a criminal prosecution, all records showing the case, the information that was used, the charges, the outcome of the case, how the information was obtained and by whom, and any court orders authorizing the use of the equipment."

¶ 4    On January 5, 2015, defendant denied plaintiff's request for two reasons: (1) FOIA does not require defendant to furnish nonexistent records and (2) if responsive records did exist, compliance with the request was exempt as unduly burdensome under FOIA. In support of its reasoning, defendant consulted with senior attorneys at the "Criminal Prosecutions and Narcotics Bureaus" and determined that there was "no way of knowing the identity of criminal cases where a cell cite simulator was used to obtain evidence in those cases, if any such cases exist." Defendant concluded that if responsive documents did exist, compliance with plaintiff's request would require an unduly burdensome hand count of "hundreds and thousands of criminal cases."

¶ 5    On January 5, 2015, plaintiff sent an e-mail in response to the denial:

> "Send an e-mail to every attorney in the State's Attorney's Office [SAO] and ask each to identify, based on memory, any cases in which evidence was obtained using a stingray.
>
> Conduct a server-side centralized search of e-mails (both within Cook County State's Attorney's Office [CCSAO] and the e-mails stored by the County) for 'stingray,' 'IMSI catcher,' and 'cell cite simulator' and produce any non-exempt records."

Defendant treated plaintiff's e-mail as a new FOIA request (Second Request). Plaintiff maintained that his e-mail proposed ways to narrow the First Request in aid of disclosure.

¶ 6    On January 6, 2015, defendant denied the Second Request as unduly burdensome. In support of its denial, defendant explained that the "over 800" assistant state's attorneys "who tried a case in which some law enforcement officials obtained information from a cell site simulator would likely not know whether any evidence in that case was obtained through a stingray" unless "an issue arose at trial in which proof needed to be adduced to show the source of some particular evidence." Defendant concluded that the sending of mass e-mails would

require assistant state's attorneys to make phone calls to law enforcement, require follow-up contact, and include outreach to those no longer employed.

¶ 7    Defendant used an analogy to demonstrate how the request for a server-side e-mail search would be unduly burdensome: "in 2013, I had occasion to ask the County to conduct a search of e-mails for around 20 [SAO] employees looking for e-mails from a two year window and using about a half-dozen search terms. That search took several months. Here, you are asking the [SAO] and the County to search the e-mails of the entire office over an unspecified time period using three search terms. This request would take at least a month or two, if not longer."

¶ 8    After denying plaintiff's Second Request, defendant offered to confer about narrowing the "two latest FOIA requests." Plaintiff accepted the invitation, and the parties agreed to narrow the First and Second Requests to "terrorism and narcotics cases" (Narrowed Requests).

¶ 9    On January 27, 2015, defendant denied the Narrowed Requests. Defendant restated its arguments in support of previous denials and raised new grounds for exemption: "[A]lthough I have not seen any documents responsive to your FOIA request, such documents would likely be exempt from disclosure under the 'attorney-client, work product, deliberative process' or law enforcement investigatory privileges of FOIA." Plaintiff responded with a lawsuit.

¶ 10    On April 4, 2015, plaintiff filed a complaint, alleging that defendant's denials of his requests violated FOIA. Defendant filed a motion to dismiss, which was later withdrawn. Defendant answered plaintiff's complaint, pleading four affirmative defenses. The parties filed cross-motions for summary judgment and the trial court found as follows:

"The Court finds that Plaintiff's request, as it currently exists, is for all records falling within a category of records, which would be unduly burdensome because Defendant does not maintain the requested documents in any type of searchable format.

Plaintiff's request, as it currently exists, would require Defendant to conduct a file-by-file review to find the requested documents. Narrowing the request failed to reduce the burden sufficiently to mandate compliance.

Additionally, Plaintiff's phrasing of his request lends itself to different interpretations including a request for a list of all instances in which a cell site simulator was used in order to locate the records. Defendant does not maintain such a list, and FOIA does not require Defendant to create one."

¶ 11    The trial court granted defendant's motion for summary judgment and entered judgment in its favor. The trial court denied plaintiff's motion for summary judgment and plaintiff appeals.

¶ 12                                              ANALYSIS

¶ 13    The issue on appeal is whether plaintiff's requests for disclosure, on their face, require the creation of records or, alternatively, are exempt under FOIA such that judgment as a matter of law is warranted. We review the issue *de novo*. *Performance Marketing Ass'n v. Hamer*, 2013 IL 114496, ¶ 12.

¶ 14    As a public body under FOIA, defendant is obligated to make its public records available for inspection and copying. *Nelson v. Kendall County*, 2014 IL 116303, ¶ 27. The purpose of FOIA is to open governmental records to the light of public scrutiny. *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009). "Restraints on access to information *** are limited exceptions to the principle that the people of this State have a right to full disclosure of information relating to the decisions, policies, procedures, rules, standards, and other aspects of

government activity that affect the conduct of government and the lives of any or all of the people." 5 ILCS 140/1 (West 2012). Accordingly, " 'public records are presumed to be open and accessible,' " courts are to construe FOIA liberally, and exemptions to disclosure are to be interpreted narrowly. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415-16 (2006).

¶ 15    We first address plaintiff's contention that defendant improperly characterized the Second Request as a new FOIA request.

¶ 16    Plaintiff argues that the Second Request was not a new FOIA request, but instead, an appropriate "interim step" designed to narrow his First Request. Plaintiff suggests that if defendant was unclear as to the character of his request, defendant should have asked for clarification or interpreted the request in favor of disclosure. In support of his suggestion, plaintiff cites *Truitt v. Department of State*, 897 F.2d 540, 545 (D.C. Cir. 1990), where the court announced that "what is expected of a law-abiding agency is that it admit and correct error when error is revealed" in reference to the state department's finding of additional responsive documents in a file after indicating, albeit mistakenly, that its initial search had uncovered all documents responsive to a FOIA request.

¶ 17    Defendant counters plaintiff's argument as waived under *Fitzpatrick v. ACF Properties Group, Inc.*, 231 Ill. App. 3d 690 (1992). *Fitzpatrick* involved a party's failure to object, at trial and in a post-trial motion, to a motion to transfer venue and its inadequate briefing of the issue on appeal without citation to authority. Defendant contends that *Fitzpatrick* is applicable here because plaintiff did not support his argument with authority. We hold that plaintiff raised the issue before the trial court and properly briefed the issue here. The argument is not waived.

¶ 18    Defendant argues that its characterization of the Second Request was proper because the request did not actually function to narrow the First Request. Defendant cites plaintiff's reliance on *Truitt* as misplaced, having been clear and unmistaken in its decision not to search for responsive records and issue a response.

¶ 19    We hold that defendant did not err in its characterization of the Second Request as a new FOIA request. Plaintiff's Second Request refers to e-mails, whereas the First Request does not. Moreover, the Second Request was made after having received a denial by defendant in writing. Defendant committed no error, let alone that seen in *Truitt*, which involved a public body's inadequate search for records.

¶ 20    We observe that by extending plaintiff an opportunity to confer *after* denying the First Request and Second Request, defendant may have acted out of step with FOIA procedure. FOIA contains a specific requirement for the party seeking to exempt disclosure as unduly burdensome: "Before invoking this exemption, the public body shall extend to the person making the request an opportunity to confer with it in an attempt to reduce the request to manageable proportions." (Internal quotation marks omitted.) *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 15 (2010). However, because the parties conferred on January 8, 2015, and agreed to narrow the First and Second Requests to "terrorism and narcotics cases," we address the merits of whether the Narrowed Requests call for the creation of records, and if not, whether disclosure is exempt under FOIA such that judgment as a matter of law is warranted.

¶ 21    Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 48. When parties file cross-motions for summary judgment, they

agree that only a question of law is involved and invite the court to decide the issues based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. However, the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact and does not obligate a court to render summary judgment. *Id.* This court may affirm a grant of summary judgment on any basis appearing in the record, regardless of whether the lower courts relied upon that ground. *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 34.

¶ 22    Plaintiff argues that his requests call for "discrete records: the specific records of cases in which information obtained through the use of stingrays was used." Because the records exist in the form requested, plaintiff argues, defendant was required to search for them and admittedly, conducted no search at all. Hence, plaintiff concludes, summary judgment is unavailable to defendant for want of an adequate search.

¶ 23    Plaintiff attacks the affidavit of defendant's FOIA compliance officer, Paul A. Castiglione (Castiglione Affidavit), filed in support of summary judgment, as mere storytelling. Instead of dispelling issues of material fact, plaintiff argues that the Castiglione Affidavit references events and conversations with "Bureau Chiefs of the Special Prosecutions Bureau and Narcotics Bureau" and avers that "[SAO] does not compile or retain a summary or listing of cases that involved evidence obtained by means of cell site simulator."

¶ 24    Defendant counters, arguing that, in calling for records not yet created, plaintiff's requests are invalid under FOIA. Rather than identifying a public record, defendant argues that plaintiff's requests improperly call for general data, information, and statistics. Defendant stresses that it has no duty under FOIA to create records and that the Castiglione Affidavit conclusively demonstrates that defendant does not "retain a listing or a database that identifies those cases in which any evidence upon which the prosecution relied was obtained via cell site simulator."

¶ 25    We hold that plaintiff's request "for each instance in which information obtained using a cell site simulator (also known as IMSI catcher or commonly known as 'stingray' equipment) was used in a criminal prosecution" does not reasonably describe a record, but rather generally describes "instances," in which information was "used," as scattered throughout records. A "reasonable description requires the requested record to be reasonably identified as a record not as a general request for data, information and statistics to be gleaned generally from documents which have not been created and which the agency does not generally create or require." (Internal quotation marks omitted.) *Kenyon v. Garrels*, 184 Ill. App. 3d 28, 32 (1989). Plaintiff's attempt to limit disclosure to "all records showing the case, the charges, the outcome of the case and any court orders authorizing the use of the equipment" is not curative as his request requires the compilation of each "instance" in which information was "used," once identified by defendant. FOIA does not compel the compilation of data defendant does not ordinarily keep. *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 34.

¶ 26    Plaintiff's request about how, and by whom, the information using a cell site simulator was obtained and used, in a criminal prosecution, highlights its generality and seeks disclosure of information extracted generally from documents which, according to defendant's FOIA compliance officer, have not yet been created: "[SAO] does not retain a listing or a database that identifies those cases in which any evidence upon which the prosecution relied was obtained via cell site simulator." The trial court's grant of summary judgment in favor of

defendant as to the First Request was therefore warranted, whether narrowed to "narcotics or terrorism cases" or not.

¶ 27    Turning to the Second Request, we hold that plaintiff improperly posed a question that FOIA does not require defendant to answer. Plaintiff asks defendant to "[s]end an e-mail to every attorney in the [SAO] and ask each to identify, based on memory, any cases in which evidence was obtained using a stingray." FOIA "does not compel the agency to provide answers to questions posed by the inquirer." (Internal quotation marks omitted.) *Id.* ¶ 33.

¶ 28    In asking defendant to "[c]onduct a server-side centralized search of e-mails (both within Cook County State's Attorney's Office [CCSAO] and the e-mails stored by the County) for 'stingray,' 'IMSI catcher,' and 'cell cite simulator,' " we hold that plaintiff requested a search, not a public record.

¶ 29    At first glance, plaintiff requests an action that FOIA may require defendant to undertake. "A database is an aggregation of data, not a discrete document." (Internal quotation marks omitted.) *Garlick v. Naperville Township*, 2017 IL App (2d) 170025, ¶ 57. In order to "reproduce the records in the database, it is necessary to search the database for responsive data." *Hites v. Waubonsee Community College*, 2016 IL App (2d) 150836, ¶ 72. An electronic search that the public body can perform meets the definition of "copying" under FOIA. *Id.* ¶ 73.

¶ 30    However, a search for responsive data contained in a database may, in and of itself, constitute action FOIA does not require a public body to undertake: the creation of a new record. *Hamer v. Lentz*, 132 Ill. 2d 49 (1989). A request for a listing or index of a database's contents that seeks information about those contents, as opposed to the contents themselves, requests a new record. *National Security Counselors v. Central Intelligence Agency*, 898 F. Supp. 2d 233, 271 (D.D.C. 2012).

¶ 31    Here, plaintiff requested a search. Whether the search itself calls for the creation of new records is unknown, and plaintiff's request to "produce any non-exempt records" does not provide an answer. But insofar as plaintiff seeks disclosure of the results of his proposed search, his request is one for "general data, information and statistics," not a public record. See *Chicago Tribune Co.*, 2014 IL 130427, ¶ 33.

¶ 32    The trial court's grant of summary judgment in favor of defendant as to the Second Request was therefore warranted, whether narrowed to "narcotics or terrorism cases," or not. Having decided that summary judgment was properly granted in favor of defendant, we need not consider whether compliance with plaintiff's requests was exempt under FOIA and whether plaintiff inappropriately sought disclosure of the same records he requested from the Chicago Police Department.

¶ 33                                CONCLUSION

¶ 34    The trial court properly granted summary judgment in favor of defendant and against plaintiff.

¶ 35    Affirmed.