NOTICE
Decision filed 01/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210108-U

NO. 5-21-0108

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| SHANE A. LYBERGER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Marion County. |
| | ) | |
| v. | ) | No. 20-CH-40 |
| | ) | |
| TROY D. CANNON, in His Official Capacity | ) | |
| as Marion County Coroner, | ) | Honorable |
| | ) | Stanley M. Brandmeyer, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the Marion County circuit court's dismissal of the plaintiff's complaint because the plaintiff's Freedom of Information Act request was moot.

¶ 2   The plaintiff, Shane A. Lyberger, appeals the Marion County circuit court's dismissal of his complaint filed pursuant to section 11 of the Freedom of Information Act (FOIA) (5 ILCS 140/11 (West 2020)). For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4   On March 30, 2020, the plaintiff sent a FOIA request to the Marion County Board's email address. The plaintiff requested:

1

"Any record that would indicate the financial status [as of today's date March 30, 2020] of the Marion County Coroner's Office, including but not limited to the Coroner's personal funds not provided by the county budget, but more specifically to include funds the Coroner's Office has accrued from services provided to private businesses such as funeral homes, doctor's offices, etc."

The plaintiff also sent a blind carbon copy of this email containing the FOIA request to the defendant, Troy D. Cannon, who served as the Marion County Coroner.

¶ 5    At the time of the plaintiff's FOIA request, Illinois Governor J.B. Pritzker had issued a Gubernatorial Disaster Proclamation due to Covid-19 and had issued several executive orders, including, but not limited to, a "stay at home" order, which, *inter alia*, restricted nonessential travel and permitted local governments to determine what would be considered essential governmental functions that would be exempted from the stay-at-home order. During this time, the federal government had implemented its "15 days to slow the spread" campaign, later expanded to "30 days to slow the spread." The federal government urged citizens to follow the direction of local officials and to work from home, if possible, to avoid the spread of Covid-19.

¶ 6    As a result, the county employee that normally maintained the Marion County Board's email account was out of the office when the plaintiff submitted his FOIA request. On or about April 9, 2020, Steven Fox, the Marion County Clerk, realized this and began forwarding the emails from the county board account to his own. Upon seeing the plaintiff's email, Fox forwarded the request for financial records to the Marion County Treasurer's Office. Fox then immediately responded to the plaintiff's email by explaining that the employee who maintained the board's email account was out of the office until April 30, 2020. Fox also provided the plaintiff with an income statement for the coroner's

2

office and advised him that the treasurer's office was working on getting him additional information.

¶ 7    Marion County Treasurer Gary Purcell maintained the financial accounts for the county, including the financial accounts for elected offices such as the coroner's office. On or about April 9, 2020, Purcell was notified of the plaintiff's FOIA request by Fox. Although the treasurer's office was operating in a reduced capacity due to Covid-19, Purcell and his staff began to gather the responsive records as quickly as possible.

¶ 8    On April 15, 2020, Purcell provided the plaintiff with the budget for the coroner's office.  He also explained that his bookkeeper would provide additional information. Purcell advised the plaintiff that when the coroner received a payment, it was transferred to the county clerk/board secretary and then to the treasurer's office, where it was deposited into either the coroner's fees account or the coroner's death certificates account.  Purcell further noted that those were the only two accounts for the coroner's office outside of general fund line items that were budgeted for the coroner's office.

¶ 9    Andrea Mallett, who served as the bookkeeper for the Marion County Treasurer's Office, maintained the bank accounts for county elected offices, including the coroner's office. The coroner's office had two accounts, the coroner's fees account and the coroner's death surcharge grant account.  On April 16, 2020, Mallett provided the plaintiff with copies of the general ledger reports detailing the funds in both of the coroner's accounts. The records responsive to the plaintiff's request were sent to him in a series of emails from April 9, 2020, through April 16, 2020.  After receiving these records, the plaintiff sent a follow-up email to Mallett on April 16, 2020, requesting the ending balance for each of the

3

coroner's accounts as of March 31, 2020. She provided this information to him on the same day it was requested.

¶ 10 When the defendant received the plaintiff's emailed FOIA request, he advised the plaintiff that his office was not functioning in an administrative capacity at that time due to the Covid-19 crisis. The defendant also informed the plaintiff that he would not be able to respond to the request until the crisis had passed and his office had reopened for business. The financial records sought through the plaintiff's FOIA request were maintained by the Marion County Treasurer's Office; thus, the defendant did not have electronic access to the records. Shortly after receiving the plaintiff's request, the defendant conferred with the treasurer's office and learned that the plaintiff had been provided with copies of the records he sought. The defendant reviewed the records provided to the plaintiff by the treasurer's office and concluded that the coroner's office had no additional records responsive to the plaintiff's FOIA request. As such, the defendant did not provide any additional information to the plaintiff.

¶ 11 On September 16, 2020, the plaintiff filed suit against the defendant, alleging a FOIA violation. The defendant filed a motion to dismiss pursuant to 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)), along with supporting documents and affidavits. A hearing was held, during which the trial court heard arguments on the defendant's motion. Thereafter, the court granted the motion to dismiss via docket entry, finding, *inter alia*, that the "FOIA request has been fulfilled by the Country Treasurer and Clerk's Office, [and] that [the plaintiff] is not therefore entitled to a wholly separate

4

response from this Defendant." The plaintiff filed a motion to reconsider the dismissal, which the court denied. This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the plaintiff argues that the trial court erred in granting the defendant's motion to dismiss his complaint. We disagree.

¶ 14    Before considering whether the trial court properly dismissed the plaintiff's complaint, we must set out the parameters of our review. Here, the defendant moved to dismiss the plaintiff's complaint pursuant to section 2-619 of the Code. See *id*. The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact early in the litigation. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 28. A motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) permits the involuntary dismissal of an alleged claim that is barred by other affirmative matters that avoids the legal effect of or defeats the claim. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 28. The movant admits the legal sufficiency of the complaint but asserts that some affirmative matter defeats the claim. *Id*. When ruling on a motion to dismiss pursuant to section 2-619, a court must interpret all pleadings and supporting documents in favor of the nonmoving party. *Id*. "An affirmative matter is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." (Internal quotation marks omitted.) *Id*. We review a dismissal under section 2-619 *de novo*. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Furthermore, we may affirm the trial court's judgment on any basis that is supported by

the record. *Stoll v. United Way of Champaign County, Illinois, Inc.*, 378 Ill. App. 3d 1048, 1051 (2008).

¶ 15   FOIA provides for the inspection and copying of public records in the custody or possession of a public body.  See 5 ILCS 140/3 (West 2020).  FOIA is intended to "open governmental records to the light of public scrutiny."  (Internal quotation marks omitted.) *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415 (2006). As such, we presume public records are open and accessible for purposes of FOIA.  *Id*. at 415-16.  "[C]ourts are to construe FOIA liberally, and exemptions to disclosure are to be interpreted narrowly."  *Martinez v. Cook County State's Attorney's Office*, 2018 IL App (1st) 163153, ¶ 14.

¶ 16   The defendant argues that the trial court properly dismissed the plaintiff's complaint because the FOIA request was moot, as it had already been fulfilled.  "A claim is moot when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief."  *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782 (1999).  "Actions will be dismissed as moot once plaintiffs have secured what was originally sought."  *Id*.  "Once an agency produces all the records related to a plaintiff's request, the merits of a plaintiff's claim for relief, in the form of production of information, becomes moot."  *Id*.

¶ 17   Here, the plaintiff sent his FOIA request via email to both the defendant and the Marion County Board.  The plaintiff asked for:

> "Any record that would indicate the financial status [as of today's date March 30, 2020] of the Marion County Coroner's Office, including but not limited to the Coroner's personal funds not provided by the county budget, but more specifically

6

to include funds the Coroner's Office has accrued from services provided to private businesses such as funeral homes, doctor's offices, etc."

Although there was a brief delay due to the Covid-19 pandemic, Fox forwarded the request to the Marion County Treasurer's Office. Fox then sent the plaintiff an income statement for the office and advised him that the treasurer's office was working to get him additional information. Thereafter, Purcell and his staff began to gather the records responsive to the plaintiff's request as quickly as possible.

¶ 18 Purcell then provided the plaintiff with the budget for the coroner's office. He advised the plaintiff that when the coroner received a payment, it was transferred to the county clerk/board secretary and then to the treasurer's office, where it was deposited into either the coroner's fees account or the coroner's death certificates account. These were the only two bank accounts kept for the coroner's office, aside from the budgeted items that were excluded from the plaintiff's request. Mallett subsequently provided the plaintiff with copies of the general ledger reports detailing the funds in the coroner's accounts. When the plaintiff requested the ending balance for each of the accounts as of March 31, 2020, Mallett responded with the balances on the same day.

¶ 19 After learning from the treasurer's office that the plaintiff had been given the records he sought, and determining that the coroner's office had no additional responsive records, the defendant did not provide any additional information to the plaintiff. Because the plaintiff's FOIA request was fulfilled and the defendant had no additional responsive records, no additional relief can be granted, and the plaintiff's claim is moot. Accordingly, the trial court properly granted the defendant's motion to dismiss.

7

¶ 20 The plaintiff contends that additional documents have been withheld from him. However, the plaintiff's contention that additional documents exist is not based on any factual basis, but rather on his assertion that it is "simply unbelievable" that the coroner's office would not keep the type of records requested. However, FOIA does not compel public bodies to turn over information they do not normally retain. *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 34. "The nonexistence of requested documents is a cognizable affirmative defense to a complaint grounded in FOIA." (Internal quotation marks omitted.) *Barner v. Fairburn*, 2019 IL App (3d) 180742, ¶ 12.

¶ 21 Here, the affidavits of Fox and Mallett revealed that they provided to the plaintiff all the responsive records that the treasurer's office possessed. Similarly, the defendant's affidavit asserted that he conferred with the treasurer's office and learned that the plaintiff had been provided with copies of the records he sought. The defendant also maintained in his affidavit that he reviewed the records provided to the plaintiff by the treasurer's office and concluded that the coroner's office had no additional records responsive to the plaintiff's request. The defendant also informed the plaintiff that the financial records sought were maintained by the treasurer's office, and the defendant did not have electronic access to the records. As such, the records requested by the plaintiff either did not exist or were not in the defendant's possession. Based on these facts, the defendant could not have violated FOIA by failing to turn such documents over to the plaintiff. Therefore, the trial court properly granted the defendant's section 2-619 motion to dismiss the complaint.

¶ 22                      III. CONCLUSION

¶ 23    For the reasons stated herein, we affirm the judgment of the Marion County circuit

court.


¶ 24    Affirmed.