FRANKLIN L. KENYON, Plaintiff-Appellant, v. VIRGINIA GARRELS, Palestine Township Clerk, *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0804

Opinion filed June 8, 1989.

Gary L. Morris and Joseph M. Gibson, both of Peoria, for appellant.

Leiken, Leiken & Leiken, of Eureka, for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals a trial court order which denied his complaint for an injunction, declaratory judgment, and attorney fees pursuant to the Freedom of Information Act (Act) (Ill. Rev. Stat. 1987, ch. 116, par. 201 *et seq.*). The trial court determined that requests plaintiff made for answers to questions concerning legal expenses incurred in

connection with an ongoing litigation were not requests for documents covered by the Act. The trial court also determined no documents or records had been withheld from plaintiff. Plaintiff appeals, arguing his requests were in proper form and defendants violated the Act by withholding three billing statements.

We affirm.

On April 27, 1987, plaintiff sent a letter to Virginia Garrels, Palestine Township clerk, requesting the following questions be placed on the next township board meeting agenda: (1) does the road commissioner have authority to incur legal expenses; (2) who authorized the hiring of Richard Leiken in the township suit against Kenyon; (3) if authorized, when was it authorized; (4) at what rate and expense is the township board paying Leiken; and (5) is the board backing the road commissioner in its injunction action. Plaintiff stated he would appreciate answers to his questions in a return letter.

On January 25, 1988, plaintiff directed a letter to Pete Remmert, the Palestine Township supervisor. The letter stated that pursuant to the Act, plaintiff would like answers to the following questions: (1) at what rate is the road district incurring legal expenses in its lawsuit against him; (2) how much expense has accrued up to this date; (3) how much has been paid; and (4) to whom have payments been made. Plaintiff added he was willing to pay reasonable costs of copying any of the requested information. Remmert responded on February 9, 1988, telling plaintiff the information he wanted was kept by Garrels, who maintained the township records and books.

On February 19, 1988, plaintiff delivered a letter to Garrels noting it was his second request under the Act for information concerning the amount of money expended by the township in its lawsuit against him. On March 2, 1988, Garrels sent copies of payment vouchers for legal services. In a letter she stated Dave Thompson, the road commissioner, had advised her that the bills for legal services did not contain the hours worked, only the amounts due.

On March 7, 1988, plaintiff sent a letter to Thompson which stated he was requesting access to the information related to his lawsuit with Palestine Township. Plaintiff specifically wanted: (1) copies of contracts between the township or road district and Leiken or his firm; (2) if contracts did not exist, the amount Thompson had authorized to be paid Leiken on an hourly basis; (3) Leiken's rate for in- and out-of-court services, if they differed; (4) the number of hours Leiken had worked on the case as of the date of the letter; and (5) copies of any contracts between Montgomery Township and Palestine Township in 1987. Plaintiff stated he wanted copies of actual records,

not "made up" documents. Plaintiff also stated he was willing to pay reasonable costs of copying.

On March 17, 1988, Thompson replied to plaintiff's letter. He stated no written contract with Leiken existed, he had supplied the amounts paid to Leiken, and felt answers to other questions relating to fees and hours should be privileged. Thompson enclosed copies of contracts in effect in 1987 between Palestine and Montgomery Townships.

Plaintiff filed suit on April 20, 1988. In his complaint, he stated he wanted to know the particular manner in which Palestine Township officials were spending money in the lawsuit involving him. Plaintiff alleged Thompson refused to provide all the records and bills related to fees and hours of Leiken's employment. Plaintiff asked for an injunction, declaration that defendants' action had violated the Act, and attorney fees.

In their answer, defendants admitted Garrels made a statement alleged in her March 2, 1987, letter, noted plaintiff was provided with pay vouchers providing the amounts paid as fees, and defendants attached copies of the bills submitted to Thompson by Leiken. Defendants denied withholding public records, stating all records had now been provided to plaintiff.

At trial, plaintiff testified Leiken represented the township and some adjacent landowners who were involved in a lawsuit concerning him. He wanted to know the particular rate of compensation for Leiken by Palestine Township to determine whether he as a taxpayer was subsidizing the adjacent landowner's lawsuit. Additionally, he was concerned that insufficient funds would be left in the road repair budget, since the township budget was not large.

The trial court conducted an *in camera* inspection of the township records. It determined no information had been withheld from plaintiff which would have answered his questions. The court found the request for answers to questions concerning rates of pay was not a proper request, as the Act did not require the agency to prepare answers to questions.

Plaintiff argues his requests were for documents or records, were in proper form, and the three bills filed with defendants' answer establishes defendants violated the Act.

Section 1 of the Act states the public policy of the State is that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of public officials, consistent with the terms of the Act. (Ill. Rev. Stat. 1987, ch. 116, par. 201.) The Act is not intended to require a public body to

prepare or maintain any public record which it did not maintain prior to the effective date of the Act. (Ill. Rev. Stat. 1987, ch. 116, par. 201.) However, each public body is required to make available for copying or inspection its public records, subject to certain exceptions. (Ill. Rev. Stat. 1987, ch. 116, par. 203.) The exceptions are not applicable in the instant case. Section 2 defines public records in terms of documentary memorializations of the workings of governmental bodies or officials. Ill. Rev. Stat. 1987, ch. 116, par. 202.

The Act, thus, provides a statutory mechanism whereby citizens can obtain full and complete information on the affairs of government by viewing the public records. (*Hoffman v. Department of Corrections* (1987), 158 Ill. App. 3d 473, 511 N.E.2d 759; *Roulette v. Department of Central Management Services* (1986), 141 Ill. App. 3d 394, 490 N.E.2d 60.) The focus of the Act is upon access to records and documents. *Hamer v. Lentz* (1988), 171 Ill. App. 3d 888, 525 N.E.2d 1045.

■ Few cases exist interpreting the Illinois Act. However, Federal cases and developments from other States are persuasive. If a document exists stating itemized fees for legal services, it would be subject to the Act. (Ill. Rev. Stat. 1987, ch. 116, par. 202(c)(vii); *City of New Haven v. Freedom of Information Comm'n* (1985), 4 Conn. App. 216, 493 A.2d 283.) However, the Act is not designed to compel the compilation of data the governmental body does not ordinarily keep. (*Borom v. Crawford* (7th Cir. 1981), 651 F.2d 500; *Krohn v. Department of Justice* (D.C. Cir. 1980), 628 F.2d 195.) The Act does not compel the agency to provide answers to questions posed by the inquirer. *Krohn*, 628 F.2d 195.

■ In *Krohn*, the court found a request for information stated was too vague to satisfy the statutory requirement that it reasonably described the records requested. The court noted:

"A reasonable description requires the requested record to be reasonably identified as a record not as a general request for data, information and statistics to be gleaned generally from documents which have not been created and which the agency does not generally create or require." *Krohn*, 628 F.2d at 198.

■ In the instant case, plaintiff requested answers to his questions concerning hourly rates of payment to Palestine Township's attorney. He was informed that no itemized billing statements or contract existed. However, township officials provided copies of work orders, showing actual payments. Township officials were not obligated under the terms of the Act to answer plaintiff's general inquiry questions concerning rates of payment, since this would have required creation of a new record (Ill. Rev. Stat. 1987, ch. 116, par. 201) or

answering of questions based upon information not contained in any record. Additionally, plaintiff's request for information about payment rates did not identify documents which he wished produced or made available. It was, thus, not in proper form. *Krohn*, 628 F.2d 195.

We find the bills for legal services, which were attached to defendants' answer, are not indicative of a violation of the Act. None of the bills contained an itemization of work performed and rates charged. One contained a statement of the time spent in court, but did not indicate that the in-court work was the sole source of the billing for services performed. Thus, the billings statements would not have answered plaintiff's question. Even if his requests for documents establishing the hourly rate were in proper form, nonitemized billing statements would not be such documents.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and KNECHT, JJ., concur.