2019 IL App (3d) 180742

Opinion filed July 30, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| CHADWICK N. BARNER, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Fulton County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-18-0742 |
| | ) | Circuit No. 18-CH-59 |
| RICHARD FAIRBURN and THE CANTON | ) | |
| POLICE DEPARTMENT, | ) | Honorable |
| | ) | Thomas B. Ewing, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Chadwick N. Barner, filed a complaint for declaratory or injunctive relief against defendants, Richard Fairburn and the Canton Police Department, alleging defendants violated the Freedom of Information Act. The trial court granted defendants' motion to dismiss plaintiff's complaint with prejudice. Plaintiff was not present for the hearing but received proper notice. Plaintiff appeals.

¶ 2                                    I. BACKGROUND

¶ 3        On March 13, 2018, plaintiff sent a Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)) request to the Canton Police Department. Plaintiff requested a copy of the

dispatch transcripts from the Canton Police Department for May 12, 2015, between 2 p.m. and 2:30 p.m., a copy of all police reports, witness statements, traffic tickets issued to plaintiff on May 12 to13, 2015, and any other additional evidence. On March 19, 2018, Barbara Bryant, the FOIA officer for the Canton Police Department, responded in writing to plaintiff's request. Bryant informed plaintiff that his request would be "granted in part and denied in part for the following reasons:

> Enclosed you will find the incident report from Canton Police Dispatch center. The actual Dispatch radio communication is no longer available as the system only keeps the information for a few months per the 911 Board. However, you might contact the Canton Park District Office and the Fulton County Sheriff's office at the addresses as follows for further information ***."

¶ 4 On May 29, 2018, plaintiff, citing section 9 of FOIA, filed a complaint for declaratory or injunctive relief (the complaint) in the circuit court of Will County alleging the Canton Police Department and public safety director, Richard Fairburn (collectively defendants), violated FOIA because "[t]he public body did not provide plaintiff with specified documents or even acknowledged [*sic*] all the information on the plaintiffs [*sic*] request." See 5 ILCS 140/9 (West 2018). Plaintiff alleged defendants failed to provide specific reasons for the denial of his request as required under FOIA. Plaintiff requested an order compelling the production of the requested records and prayed for monetary damages.

¶ 5 On August 29, 2018, defendants filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)). The motion argued the nonexistence of the requested records constituted a cognizable affirmative defense to plaintiff's claim. In support of its motion to dismiss, defendants submitted Bryant's

written response to plaintiff's FOIA request as well as an affidavit from Bryant. Bryant's affidavit averred:

> "Upon receipt of [plaintiff's] FOIA request, I searched for all responsive records. I provided him with a copy of the Incident Report which was the only record that the City had with respect to this incident. I searched the 911 database for any communications relating to the incident referenced in the FOIA request, but no record of those communications existed at the time of [plaintiff's] request because 911 communications are only retained for a few months in conjunction with a policy set by the 911 Board. I also referred [plaintiff] to the Canton Park District and the Fulton County Sheriff's Department because those agencies were also involved in the incident referenced in [plaintiff's] FOIA request."

¶ 6 On September 14, 2018, the case was transferred to Fulton County. On October 24, 2018, plaintiff responded to defendants' motion to dismiss and argued the motion should be denied because defendants failed to comply with plaintiff's FOIA request. Plaintiff also filed a motion for an order of *habeas corpus*, requesting the trial court to issue an order of *habeas corpus* so that plaintiff could be present during the hearing on defendants' motion to dismiss. Plaintiff contended his presence "in court [was] required due to his personal knowledge of the facts in this cause of action."

¶ 7 On November 29, 2018, the trial court conducted a hearing on defendants' motion to dismiss. The trial court, "having considered the briefs filed by the parties and the oral argument of Defendants' [*sic*] counsel," granted defendants' motion to dismiss with prejudice. Plaintiff was not present at the hearing but had notice of the hearing. Plaintiff appeals the trial court's decision granting defendants' motion to dismiss with prejudice.

¶ 8                              II. ANALYSIS

¶ 9        On appeal, plaintiff contends the trial court erred by granting defendants' section 2-619 motion to dismiss with prejudice because the initial answer to plaintiff's FOIA request failed to address several of plaintiff's requests and failed to reference a specific legal reason for the denial of the request, thus violating FOIA. Plaintiff additionally contends the trial court erred by failing to issue an order of *habeas corpus* requiring plaintiff to be present during the hearing on defendants' motion to dismiss. In response, defendants argue the nonexistence of the requested documents constitutes a cognizable affirmative defense warranting dismissal of the complaint and that plaintiff's presence at the hearing on the motion to dismiss was unnecessary.

¶ 10       A motion to dismiss pursuant to section 2-619 necessarily admits the sufficiency of the complaint but asserts a defense outside the complaint that defeats it. See 735 ILCS 5/2-619 (West 2018). Courts may consider affidavits when ruling on motions to dismiss. *Id.* § 2-619(c). We review the trial court's grant of a section 2-619 motion to dismiss *de novo*. *SK Partners I, LP v. Metro Consultants, Inc.*, 408 Ill. App. 3d 127, 129 (2011).

¶ 11       Here, defendants requested the dismissal of the complaint pursuant to section 2-619(a)(9) of the Code, which provides for dismissal where an affirmative matter avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2018). Specifically, defendants argued in the trial court, and now on appeal, that when the defendants have tendered to the plaintiff all that plaintiff is entitled to, the case is properly dismissed as moot. See *Yu v. International Business Machines Corp.*, 314 Ill. App. 3d 892, 897-98 (2000). We agree.

¶ 12       FOIA provides for the inspection and copying of public records in the custody or possession of a public body. See 5 ILCS 140/3 (West 2018). However, FOIA does not compel public bodies to turn over information the public bodies do not normally retain. *Chicago Tribune*

*Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 34 (citing *Kenyon v. Garrels*, 184 Ill. App. 3d 28, 32 (1989)). "The nonexistence of requested documents is a cognizable affirmative defense to a complaint grounded in FOIA." *Bocock v. Will County Sheriff*, 2018 IL App (3d) 170330, ¶ 52; see *Hites v. Waubonsee Community College*, 2016 IL App (2d) 150836.

¶ 13　　　　Here, Bryant's affidavit asserted that she searched for all requested records and found nothing in relation to plaintiff's request other than the incident report. Bryant provided the incident report to plaintiff. Bryant's affidavit additionally explained that she was unable to provide plaintiff with the requested 911 communications because "no record of those communications existed at the time of [plaintiff's] request because 911 communications are only retained for a few months in conjunction with a policy set by the 911 Board." The records requested by plaintiff either did not exist or were not in defendants' possession. Based on these facts, defendants could not have violated FOIA by failing to turn such documents over to plaintiff. Therefore, the trial court properly granted defendants' section 2-619 motion to dismiss the complaint with prejudice.

¶ 14　　　　Plaintiff's second argument that defendants violated FOIA because defendants' response to plaintiff's request failed to reference a specific reason for the partial denial is unpersuasive. Section 9 of FOIA provides that "[e]ach public body denying a request for public records shall notify the requester in writing of the decision to deny the request[ and] the reasons for the denial, including a detailed factual basis for the application of any exemption claimed ***." 5 ILCS 140/9(a) (West 2018).

¶ 15　　　　The plain language of section 9 of FOIA does not require a "detailed factual basis" of a denial where the public body is not claiming an exemption, as is the case here. *Id.* § 9.

Exempting records from disclosure under FOIA necessarily implies the records exist, and Bryant's affidavit definitively established that the records in question either never existed or are no longer in existence. Furthermore, Bryant notified plaintiff in writing of the decision to partially deny plaintiff's request and gave a reason for the partial denial in compliance with section 9 of FOIA. *Id.* Defendants' response to plaintiff's request was compliant with section 9 of FOIA. *Id.*

¶ 16        Lastly, plaintiff argues he was unfairly denied the opportunity to appear at the November 29, 2018, hearing to present his argument in opposition to defendants' motion to dismiss. Section 10-135 of the Code affords the trial court the authority to bring prisoners before the court to testify when necessary. 735 ILCS 5/10-135 (West 2018). "The decision whether to grant a prisoner reprieve from his imprisonment and allow him to personally appear in a civil proceeding is within the trial court's discretion." *Beahringer v. Roberts*, 334 Ill. App. 3d 622, 629 (2002). An order for *habeas corpus* is properly refused where the prisoner's testimony will not affect the result of the proceeding. *People v. Adams*, 4 Ill. 2d 453, 458-59 (1954). We review a trial court's decision to refuse plaintiff's request for an order of *habeas corpus* under the abuse of discretion standard. *Beahringer*, 334 Ill. App. 3d at 629. "A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court." *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005).

¶ 17        Both parties agree plaintiff was absent from the November 29, 2018, hearing. The record does include plaintiff's motion for the issuance of an order of *habeas corpus*. However, the record submitted for our review does not contain a report of proceedings of the motion hearing. Thus, we necessarily assume plaintiff's absence at the hearing was involuntary and was due to

the trial court's denial of his request. Accordingly, the relevant inquiry becomes whether plaintiff's presence at the hearing was necessary.

¶ 18    In this case, plaintiff's presence was unnecessary. The complaint and response to defendants' section 2-619 motion to dismiss succinctly laid out plaintiff's FOIA arguments to the court. However, the documentation provided by defendants in support of their motion to dismiss spoke for itself and affirmatively refuted plaintiff's arguments. For these reasons, we cannot say the trial court's decision to deny plaintiff's request for an order of *habeas corpus* was an abuse of discretion.

¶ 19    To conclude, the trial court properly dismissed the complaint with prejudice and did not abuse its discretion by denying plaintiff's request to be present at the hearing on defendants' motion to dismiss. The trial court's rulings are affirmed.

¶ 20                              CONCLUSION

¶ 21    The judgment of the circuit court of Fulton County is affirmed.

¶ 22    Affirmed.

**No. 3-18-0742**

| | |
|---|---|
| **Cite as:** | *Barner v. Fairburn*, 2019 IL App (3d) 180742 |
| **Decision Under Review:** | Appeal from the Circuit Court of Fulton County, No. 18-CH-59; the Hon. Thomas B. Ewing, Judge, presiding. |
| **Attorneys for Appellant:** | Chadwick N. Barner, of Joliet, appellant *pro se*. |
| **Attorneys for Appellee:** | Jane M. May and Brian M. Funk, of O'Halloran Kosoff Geitner & Cook, LLC, of Northbrook, for appellees. |