NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220334-U

NO. 4-22-0334

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 12, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DARRION O. FOOTE, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| WINNEBAGO COUNTY SHERIFF'S OFFICE, | ) | No. 21MR274 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Stephen Balogh, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed the trial court's judgment dismissing plaintiff's complaint for failure to state a claim.

¶ 2    In September 2021, plaintiff, Darrion O. Foote, *pro se* filed an amended complaint against defendant, Winnebago County Sheriff's Office (Sheriff's Office), Sheriff Gary Caruana, Jail Superintendent Robert Redmond, Captain Tim Owens, and Sergeant Steve McCorkle. Foote alleged in his complaint that the Sheriff's Office—along with the other named parties, who are not a part of this appeal—violated the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)) by (1) failing to provide records responsive to his FOIA requests and (2) failing to respond to FOIA requests he made in January 2021.

¶ 3    In October 2021, the Sheriff's Office moved to dismiss Foote's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)),

which the trial court granted in January 2022.

¶ 4        Foote appeals, arguing the trial court erred by (1) dismissing the complaint because (a) he sufficiently pled a cause of action under the FOIA and (b) the court has the authority to provide the relief he seeks and (2) failing to impose Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Jan 1, 2018)) sanctions on the Sheriff's Office because its motion to dismiss was not supported by existing law or a good faith argument. We disagree and affirm the trial court's dismissal of Foote's complaint.

¶ 5                                    I. BACKGROUND

¶ 6        As an initial matter, Foote concedes on appeal that the only properly named defendant was the Sheriff's Office. Accordingly, we will refer only to the Sheriff's Office. In September 2021, Foote filed an amended complaint against the Sheriff's Office, alleging that in January 2021, he submitted FOIA requests to it in which he requested the following:

> "(1) copies of the contract agreement entered into by Winnebago County and Aramark to provide commissary services to inmates, (2) copies of the contract agreement entered into by Winnebago County and Global Tel Link to provide telephone services to inmates, (3) copies of Winnebago County Jail inmate medical charging policy, (4) copies of the Winnebago County Jail medical cost fund as provided under 730 ILCS 125/17 and (5) hard copies of each 'request.' "

¶ 7        Foote alleged that he gave the completed request forms to his "assigned pod officer" at the Winnebago County Jail. Foote further alleged that "[m]ore than 240 days *** have elapsed since [Foote] first submitted all [four] of his FOIA requests *** and the [Sheriff's Office has] still yet to produce the requested documents or otherwise respond to his requests." Foote further alleged that over several months he filed multiple grievances with the Winnebago County

- 2 -

Jail, as required by the jail's policies, regarding the lack of a response to his FOIA requests. In February 2021, he received a response to one of his grievances stating in part, " 'if this is about or regarding a FOIA request, I will forward this to the proper department.' " Based on this response, among other things, Foote believed that the Sheriff's Office FOIA officer would be aware of his requests. Foote also alleged that in February 2020, he had submitted two other FOIA requests to the Sheriff's Office for "medical records" to which he did not receive response.

¶ 8       In his prayer for relief, Foote asked the trial court, among other things, to (1) declare that the Sheriff's Office acted in "bad faith, knowingly, willfully and intentionally" by failing to respond to the FOIA requests, (2) enjoin the Sheriff's Office from disregarding the requests, (3) declare that the Sheriff's Office failed to inform Foote about their reasons for refusal, (4) order the Sheriff's Office to produce responsive records, and (5) award Foote civil penalties and costs.

¶ 9       In October 2021, the Sheriff's Office moved pursuant to section 2-615 of the Code of Civil Procedure to dismiss Foote's amended complaint, arguing, among other things, that (1) Foote was asserting, in part, a due process claim, for which he did not plead a *prima facie* case, (2) Foote's claims regarding the lack of response or late responses were not actionable under the FOIA, and (3) "Plaintiff is merely unhappy that the requested information asked for under FOIA was not provided. A public body is under no obligation to inform the requesting individual of the nature of the exemption claimed, nor answer at all if the request is being denied. An unanswered request is considered a denial."

¶ 10       In January 2022, the trial court entered a written order granting the motion to dismiss. First, the trial court found that the FOIA does not provide a statutory basis for suing individuals and therefore "dismissed with prejudice" the "individually named defendants, other

- 3 -

than the Sheriff." The court also found that Foote sent his requests to the wrong public body. Specifically, the documents Foote sought were maintained by either Winnebago County or the "University of Illinois Chicago, College of Medicine" and *not* the Sheriff's Office. The court further denied defendant's request for $30,000 in civil fines, finding that the FOIA "does not create a private right of action. *** [T]he FOIA limits the jurisdiction of the court as well as the remedies it may provide." "The court only has the jurisdiction to review the final denial of a FOIA request by a public body."

¶ 11        In February 2022, Foote filed a motion to reconsider, asserting that (1) he had a valid cause of action, (2) the trial court had jurisdiction to grant the relief he sought, and (3) civil penalties and costs were an appropriate remedy for a violation of the FOIA. In March 2022, the court denied Foote's motion to reconsider.

¶ 12        This appeal followed.

¶ 13                          II. ANALYSIS

¶ 14        Foote appeals, arguing the trial court erred by (1) dismissing the complaint because (a) he sufficiently pled a cause of action under the FOIA and (b) the court has the authority to provide the relief he seeks and (2) failing to impose Rule 137 sanctions on the Sheriff's Office because its motion to dismiss was not supported by existing law or a good faith argument. We disagree and affirm the trial court's dismissal of Foote's complaint.

¶ 15                A. The Applicable Law and the Standard of Review

¶ 16                          1. *The FOIA*

¶ 17        "The General Assembly has declared [the] FOIA's underlying public policy to be that 'all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public

- 4 -

employees consistent with the terms of this Act.' " *Green v. Chicago Police Department*, 2022 IL 127229, ¶ 37 (quoting 5 ILCS 140/1 (West 2018)). Accordingly, all "public records are presumed to be open and accessible." *Id.* ¶ 38.

¶ 18        Regarding enforcement of the FOIA, section 11 of the FOIA provides, in part, the following:

> "(a) Any person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief.
>
> * * *
>
> (i) If a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs. In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought. ***
>
> (j) If the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence." 5 ILCS 140/11(a), (i), (j) (West 2020).

¶ 19                    2. *Section 2-615 Motion To Dismiss*

¶ 20        A motion to dismiss under section 2-615 of the Code of Civil Procedure tests the legal sufficiency of a complaint. *Walworth Investments-LG, LLC. v. Mu Sigma, Inc.*, 2022 IL 127177, ¶ 39. "In ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences therefrom, to determine whether the complaint's allegations—construed in the light most favorable to the plaintiff—are sufficient to establish a cause of action

upon which relief may be granted." *Id.* Courts should grant a motion to dismiss pursuant to section 2-615 only when " 'it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery.' " *O'Connell v. County of Cook*, 2022 IL 127527, ¶ 18.

¶ 21 Appellate courts review a dismissal under section 2-615 *de novo*. *Id.* ¶ 19.

¶ 22 B. This Case

¶ 23 1. *The Sheriff's Office Could Not Violate FOIA Because the Requested Records Were Not Under Its Control*

¶ 24 The FOIA does not require a public body to compile records it does not ordinarily keep. *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 34, 8 N.E.3d 11. Accordingly, any documents not in existence or under the public body's control are not subject to the FOIA and thus cannot result in a violation of the FOIA. See *Barner v. Fairburn*, 2019 IL App (3d) 180742, ¶ 13, 134 N.E.3d 987 ("The records requested by plaintiff either did not exist or were not in defendants' possession. Based on these facts, defendants could not have violated FOIA by failing to turn such documents over to plaintiff.").

¶ 25 Initially, we note that the trial court here appears to have taken judicial notice of which public bodies actually or likely possessed the requested documents. The court's doing so appears to be authorized by the recent decision of the Illinois Supreme Court in *People v. Castillo*, 2022 IL 127894, ¶¶ 39-42, in which that court wrote that "a court [can] take judicial notice of a fact that is not subject to reasonable dispute, even when that fact constitutes an element of the offense." Accordingly, we see no reason why that principle applied in the criminal context should not also apply to the elements of a claim in a civil complaint.

- 6 -

¶ 26 Here, as the trial court pointed out in its written order, Foote "pled himself out of court" because each of his FOIA requests, on their face, failed to support a claim under section 11 of the FOIA. Foote's first two FOIA requests sought contracts between Winnebago County and outside vendors, not the Sheriff's Office and outside vendors. Specifically, Foote requested contracts between *Winnebago County* and (1) Aramark, which provided commissary services to inmates, and (2) Global Tel Link, which provided telephone services to inmates. Accordingly, Foote knew or reasonably should have known that Winnebago County was the public body maintaining the documents he sought.

¶ 27 Second, Foote requested the Winnebago County Jail's inmate medical "charging policy." The trial court found that, as to this request, "the court is left to guess what it is that he has requested." "A request to inspect or copy must reasonably identify a public record and not general data, information, or statistics." *Chicago Tribune Co.*, 2014 IL App (4th) 130427, ¶ 33. We agree with the trial court that Foote has not reasonably identified a specific record and his request is vague and unclear. The trial court further found that, if Foote's request pertains to charges for medical services provided to inmates, documents related to that topic are controlled by the University of Illinois College of Medicine.

¶ 28 Last, Foote's fourth request was for the "medical cost fund as provided under 730 ILCS 125/17 [(West 2020)]." That statute Foote cites is section 17 of the County Jail Act, which provides, in part, that medical providers can obtain reimbursement from a county for services rendered. *Id.* The trial court found that "[section 17 of the County Jail Act] provides that the County, not the Sheriff, may provide for reimbursement to the medical providers" (emphasis omitted) and, accordingly, "the public body to which such a request should be sent would be

Winnebago County, not the Sheriff's Department." We agree and conclude that Foote has failed to state any claim for injunctive or declaratory relief under the FOIA.

¶ 29    2. *Because the Sheriff's Office Did Not Violate the FOIA, Foote Is Not Entitled to Civil Penalties or Costs*

¶ 30    Foote argues that the trial court erred by finding it did not have the authority to provide the remedies Foote sought. Regardless of the trial court's reasoning for granting the motion to dismiss, Foote is not entitled to any remedy based on his pleadings. See *Tillman v. Pritzker*, 2021 IL 126387, ¶ 24, 183 N.E.3d 94 (Appellate courts "may sustain the [trial] court's judgment on any ground supported by the record, even a ground not relied on by that court.").

¶ 31    For the reasons we wrote earlier, Foote's claims for injunctive and declaratory relief against the Sheriff's Office are improper. Regarding Foote's claims for fines and costs, because (1) Foote did not prevail within the meaning of the FOIA and (2) his amended complaint does not plead facts that demonstrate the Sheriff's Office willfully and intentionally failed to comply with the FOIA, Foote did not state a cause of action for the same.

¶ 32    Under section 11 of the FOIA (5 ILCS 140/11 (West 2020), for Foote to sustain his claim for costs, he would have had to prevail in his FOIA action, which minimally requires that he actually received some of the documents he requested. See *Donley v. City of Springfield*, 2022 IL App (4th) 210378, ¶ 30 ("[A] plaintiff's obtaining the relief sought *** may entitle that plaintiff to an award of reasonable attorney fees [and costs]."). Here, Foote did not receive any documents responsive to his requests. Indeed, Foote could not have received those documents because the Sheriff's Office did not possess or keep them. Accordingly, he did not prevail and thus is not entitled to attorney fees or costs. See 5 ILCS 140/11 (West 2020).

¶ 33    Likewise, Foote failed to plead facts demonstrating that the Sheriff's Office

willfully and intentionally failed to comply with the FOIA or otherwise acted in bad faith. Instead, relevant to section 11(j) of the FOIA, Foote's amended complaint merely alleged that (1) he made requests to the Sheriff's Office for documents, which were clearly not in the possession of the Sheriff's Office and (2) the Sheriff's Office did not respond to those requests. Foote has not pointed to any authority that suggests a public body's failure to respond to FOIA requests for documents not in its possession is sufficient to maintain a claim for civil penalties. See *Fairburn*, 2019 IL App (3d) 180742, ¶ 13 (stating a public body cannot violate the FOIA for failing to turn over a record not in existence or that it does not possess).

¶ 34 Ultimately, Foote sent his requests to the wrong public body. Although it would behoove the Sheriff's Office to nonetheless respond to such requests with a simple "we do not keep those records," based on Foote's amended complaint, in the light most favorable to Foote, he failed to plead a cause of action for which relief could be granted.

¶ 35 *3. Foote Forfeited His Claim for Rule 137 Sanctions*

¶ 36 Foote argues that Rule 137 sanctions (Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018)) should be imposed on the Sheriff's Office for filing pleadings not warranted by existing law— namely, the motion to dismiss and the reply to Foote's response to that motion. However, because Foote did not raise this argument in the trial court, he has forfeited it on appeal. See *Lewis v. OSF Healthcare System*, 2022 IL App (4th) 220016, ¶ 60 ("It is well settled that issues not raised in the trial court are forfeited and cannot be raised for the first time on appeal.").

¶ 37 III. CONCLUSION

¶ 38 For the reasons stated, we affirm the trial court's judgment.

¶ 39 Affirmed.