NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240377-U

NO. 4-24-0377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| BENJAMIN McBROOM, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Logan County |
| THE LOGAN COUNTY SHERIFF'S OFFICE, | ) | No. 24MR1 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1  *Held*: The trial court properly dismissed plaintiff's complaint under the Illinois Freedom of Information Act (FOIA) because most of the information sought by plaintiff was not a "public record" kept by the public body, and the uncontroverted affidavit of defendant's FOIA officer established all applicable public records were provided.

¶ 2  In January 2024, plaintiff, Benjamin McBroom, who was then a pretrial detainee at the Logan County jail, filed a complaint alleging defendant, the Logan County Sheriff's Office, violated the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)), by failing to comply with his "Request for Preservation" of documents related to nutritional information regarding food served at the jail. In particular, plaintiff sought recipes, portioning guidelines, and information about the calculation of nutritional values for dishes prepared by detainees and staff. Defendant produced 10 weekly menus with handwritten caloric

information for each menu item. Plaintiff alleged the production was untimely and insufficient to meet his FOIA request.

¶ 3        The trial court granted defendant's motion dismiss, finding (1) plaintiff did not seek "public records" as defined by FOIA and instead sought the preservation of certain items and preparation of data, which was improper under FOIA, (2) defendant did not deny plaintiff's request and tendered the records in its possession, (3) tendering records did not waive defendant's argument there was never a valid FOIA request, and (4) even if defendant's response was untimely, there was (a) no relief the court could provide and (b) no willful or intentional lack of compliance by defendant. On appeal, plaintiff argues the court wrongly dismissed his complaint. We affirm.

¶ 4                                        I. BACKGROUND

¶ 5        In a document dated January 15, 2023, plaintiff submitted a "Logan County Sheriff's Dept. Inmate Request/Grievance Form," stating he was "requesting to talk with: FOIA/Legal/Dietary" regarding a "Request for Preservation." On the form, plaintiff wrote:

> "Pursuant to Federal law, you are hereby instructed to preserve certain items of evidence relevant to forthcoming litigation before the Central District US Court of Illinois. Your failure to preserve such evidence against spoliation—including by routine or inadvertent deletion or unavailability—will entitle me to a favorable presumption by the finder-of-fact that any evidence so despoiled had a tendency to prove the claims asserted. This applies to the specific items requested, and collateral evidence related to the same claims, and all future Requests for Preservation in this or any other potential suits."

¶ 6             The record indicates plaintiff also attached a list of items sought, including recipes and portioning guidelines for all food prepared by detainees and staff, including any calculation of nutritional value "that has or will be produced," the date the calculation was made, the person responsible for the calculation, any nutritional requirements relied on, and anyone approving or overseeing the calculation. Plaintiff also sought actual menus reflecting food served to detainees for the past two years.

¶ 7             On February 7, 2023, a FOIA officer responded and referred plaintiff to "County Jail Standards, 20 IL Admin Code CH 1, 701.110(f)(a)(1) for caloric information" and attached 10 weekly menus with handwritten calories for each menu item included. At the bottom of each was written "menu subject to change." In some instances, dessert on the menu was listed as "cook's choice." The County Jail Standards do not include a subsection (f), but subsection (a)(1) provides food must be of sufficient nutritional value and provide a minimum of 1800 to 2000 calories for adults per day. 20 IL Adm. Code 701.110(a)(1) (eff. Oct. 1, 2014). The response indicated the request was received by the FOIA officer on February 1, 2023.

¶ 8             On January 8, 2024, plaintiff filed a complaint for injunctive and declaratory relief, requesting the trial court require defendant to make a full disclosure of the records requested. Plaintiff alleged the menus provided smelled of "fresh Sharpie" and were newly created in response to the request. He also alleged the response failed to disclose (1) any sources of information relied on in making the nutritional calculations, (2) recipes or portioning guidelines, (3) information pertaining to dessert items, and (4)  alternate breakfast items. He requested the court require defendant to provide (1) all recipes and portioning guidelines for meals, (2) all United States Department of Agriculture (USDA) nutritional information available on food packaging used in the preparation of meals, and (3) any "sub-calculations" used in

arriving at the caloric values provided. In the alternative, to the extent the court determined the items sought did not exist, he sought a declaratory judgment stating that fact.

¶ 9        On February 16, 2024, defendant moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2022)), alleging (1) plaintiff did not make a FOIA request for public records when he sought preservation of documents, (2) plaintiff's request was not denied, and defendant was not required to create records that did not exist, and (3) the trial court was not authorized to rule that certain documents did not exist.

¶ 10       Defendant also separately moved to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)), alleging it provided plaintiff with all records in its possession. Defendant attached an affidavit from its FOIA officer, averring she received the request on February 1, 2023, and, on February 7, 2023, provided plaintiff with the menus. She averred defendant had no additional records relevant to the request. Defendant alleged the FOIA officer's affidavit refuted plaintiff's claims. Defendant failed to verify the motion to dismiss. On February 23, 2024, defendant filed an identical new motion to dismiss that was verified.

¶ 11       Plaintiff filed a motion to strike, alleging he received the first motion to dismiss without proof of service or a notice of appearance by defendant's counsel. He also argued the motion lacked merit and the FOIA officer's affidavit was insufficient to warrant a dismissal.

¶ 12       On February 26, 2024, the trial court held a hearing on the matter. The record shows the hearing was recorded but had no court reporter. There is no transcript of the hearing in the record. After the appeal was filed, defendant moved to submit a proposed substitute report of proceedings, noting plaintiff had failed to provide one. That report provided the basic procedural history of the case, but it did not include specific details of the evidence or arguments presented

at the hearing. There is no order approving the report in the record, but a docket entry states the parties agreed to it, and it was filed with this court.

¶ 13  On February 28, 2024, the trial court entered a written order denying the motion to strike and dismissing the complaint. The court wrote plaintiff acknowledged in court he was in receipt of defendant's motion to dismiss and prepared to argue the motion. The court stated plaintiff did not request a continuance and thus suffered no prejudice. As to the merits of the motion to dismiss, the court found (1) plaintiff did not seek "public records" as defined by FOIA and instead sought the preservation of certain items and preparation of data, which was improper under FOIA, (2) defendant did not deny plaintiff's request and tendered the records in its possession, (3) tendering records did not waive defendant's argument there was never a valid FOIA request, and (4) even if defendant's response was untimely, there was no relief the court could provide, and there was no willful or intentional lack of compliance by defendant.

¶ 14  This appeal followed.

¶ 15                           II. ANALYSIS

¶ 16  On appeal, plaintiff contends the trial court erred in dismissing his complaint. He argues (1) he submitted a valid FOIA request, (2) the FOIA officer's response waived or forfeited any argument the request was invalid, (3) the request did not require the creation of new records, (4) the request was improperly denied by an untimely response and failure to provide all responsive documents, (5) he sought "public records," (6) the FOIA officer's affidavit was insufficient, and (7) the failure to produce items was willful and intentional. Plaintiff also sought civil penalties.

¶ 17  A motion to dismiss pursuant to section 2-615 attacks the sufficiency of the complaint and raises the question of whether the complaint states a claim upon which relief can

be granted. *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1029, 857 N.E.2d 707, 711 (2006). A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or that are established by external submissions acting to defeat the complaint's allegations. *Burton*, 367 Ill. App. 3d at 1029. The resolution of either motion involves only a question of law, and therefore this court's review is *de novo*. *Burton*, 367 Ill. App. 3d at 1030.

¶ 18          FOIA governs the inspection of public records. 5 ILCS 140/1.2 (West 2022). The purpose of FOIA "is 'to open governmental records to the light of public scrutiny.' " *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 13, 980 N.E.2d 733 (quoting *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378, 538 N.E.2d 557, 559 (1989)). Under FOIA, public records are presumed to be open and accessible. *Hosey v. City of Joliet*, 2019 IL App (3d) 180118, ¶ 9, 124 N.E.3d 1075. FOIA must be liberally construed to achieve that goal. *Hosey*, 2019 IL App (3d) 180118, ¶ 9.

¶ 19          Unless subject to exemption, "[e]ach public body shall make available to any person for inspection or copying all public records." 5 ILCS 140/3(a) (West 2022). A FOIA request must "reasonably identify a public record and not general data, information, or statistics." *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 33, 8 N.E.3d 11. FOIA does not create an independent duty upon a public body to maintain or prepare a public record that it is not already legally required to keep, and "[t]he nonexistence of requested documents is a cognizable affirmative defense" to a FOIA claim. (Internal quotation marks omitted.) *Barner v. Fairburn*, 2019 IL App (3d) 180742, ¶ 12, 134 N.E.3d 987.

¶ 20        "When a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions applies." *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407, 680 N.E.2d 374, 377 (1997). "In the event a public body asserts that a record is exempt from such disclosure, the public body bears the burden of proving by clear and convincing evidence that the record is exempt." *Mancini Law Group, P.C. v. Schaumburg Police Department*, 2021 IL 126675, ¶ 16, 190 N.E.3d 744. "Where the public body claims that a requested document falls within one of these specifically enumerated categories and is able to prove that claim, no further inquiry by the court is necessary." *Lieber*, 176 Ill. 2d at 408.

¶ 21                            A. Proper FOIA Request

¶ 22        Plaintiff first argues the trial court erred in determining his request was one for the preservation of documents instead of a proper FOIA request to inspect or copy public records.

¶ 23        A formal request for public records is a prerequisite to bringing a suit under FOIA. *Harper v. Health Care Service Corp*., 2023 IL App (1st) 220078, ¶ 47, 228 N.E.3d 931. FOIA provides, in relevant part, the following:

> "Requests for inspection or copies shall be made in writing and directed to the public body. Written requests may be submitted to a public body via personal delivery, mail, telefax, or other means available to the public body. A public body may honor oral requests for inspection or copying. A public body may not require that a request be submitted on a standard form or require the requester to specify the purpose for a request, except to determine whether the records are requested for a commercial purpose or whether to grant a request for a fee waiver. All

requests for inspection and copying received by a public body shall immediately be forwarded to its [FOIA] officer or designee." 5 ILCS 140/3(c) (West 2022).

¶ 24    Here, while plaintiff stated his request as a "Request for Preservation" and noted federal law, he also directed his request to "FOIA" and asked for specific documents allegedly maintained by defendant. His request was then forwarded to defendant's FOIA officer. Thus, it is clear defendant was not confused by the request and treated it as a FOIA request. Given that FOIA must be liberally construed to achieve its goal of providing the public with easy access to government information and FOIA's prohibition of requiring a specific form for the request, we find the form of plaintiff's request was sufficient. To hold otherwise, especially when defendant already interpreted the request as one under FOIA, would defeat the purpose and liberal construction of FOIA.

¶ 25                                  B. Public Records

¶ 26    Plaintiff next argues his request sought public records and did not require defendant to create new records.

¶ 27    Under FOIA, "public records" are defined as

"all records, reports, forms, writings, letters, memoranda, books, papers, maps, photographs, microfilms, cards, tapes, recordings, electronic data processing records, electronic communications, recorded information and all other documentary materials pertaining to the transaction of public business, regardless of physical form or characteristics, having been prepared by or for, or having been or being used by, received by, in the possession of, or under the control of any public body." 5 ILCS 140/2(c) (West 2022).

¶ 28 A FOIA request must "reasonably identify a public record and not general data, information, or statistics." *Chicago Tribune Co.*, 2014 IL App (4th) 130427, ¶ 33. Furthermore, FOIA "does not compel the agency to provide answers to questions posed by the inquirer." *Kenyon v. Garrels*, 184 Ill. App. 3d 28, 32, 540 N.E.2d 11, 13 (1989). As previously noted, FOIA does not create an independent duty upon a public body to maintain or prepare a public record that it is not already legally required to keep, and "[t]he nonexistence of requested documents is a cognizable affirmative defense." (Internal quotation marks omitted.) *Barner*, 2019 IL App (3d) 180742, ¶ 12.

¶ 29 Here, plaintiff sought recipes and portioning guidelines for all food prepared by detainees and staff, including any calculation of nutritional value "that has or will be produced," the date the calculation was made, the person responsible for the calculation, any nutritional requirements relied on, and anyone approving or overseeing the calculation. He also sought actual menus reflecting food served to detainees for the past two years.

¶ 30 We agree with defendant and the trial court that, to the extent plaintiff sought nutritional calculations "that has or will be produced," external data relied on in formulating documents, information as to who made nutritional calculations or oversaw that activity, or information regarding the dates the activity occurred, he was not requesting public records. Instead, he was seeking general data or information or was seeking answers to questions or the creation of documents with nutritional calculations.

¶ 31 In his complaint, plaintiff also sought USDA nutritional label information from food packaging. However, the record does not reflect plaintiff sought such materials in his FOIA request. Thus, defendant cannot be held liable for not producing it. Further, such information is

related to third party data allegedly used in nutritional calculations rather than public documents held by defendant.

¶ 32                                    C. Production of Menus

¶ 33        Plaintiff next contends defendant improperly complied with his request by failing to respond in a timely manner and by failing to provide all available documents. Defendant argues the FOIA officer's affidavit shows it disclosed all the documents it had and, once it had done so, any argument concerning timeliness is moot. Meanwhile, plaintiff responds the affidavit was insufficient under Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) because it was conclusory and did not describe the extent of any search for records or define the FOIA officer's definition of relevant records.

¶ 34        Section 2-619(a)(9) of the Code allows for the involuntary dismissal of a claim when it is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). An "affirmative matter" is "something in the nature of a defense that negates the cause of action completely." (Internal quotation marks omitted.) *Watkins*, 2012 IL App (1st) 100632, ¶ 11. "If the 'affirmative matter' asserted is not apparent on the face of the complaint, the motion must be supported by affidavit." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). "By presenting adequate affidavits supporting the asserted defense [citation], the defendant satisfies the initial burden of going forward on the motion." *Hodge*, 156 Ill. 2d at 116. The burden then shifts to the plaintiff.

¶ 35        To defeat a properly supported motion to dismiss under section 2-619(a)(9), the plaintiff must establish the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *Hodge*, 156 Ill. 2d at 116. "The plaintiff may do so

by affidavit[ ] or other proof." (Internal quotation marks omitted.) *Hodge*, 156 Ill. 2d at 116. "A counteraffidavit is necessary, however, to refute evidentiary facts properly asserted by affidavit supporting the motion else the facts are deemed admitted." *Hodge*, 156 Ill. 2d at 116. "If, after considering the pleadings and affidavits, the trial judge finds that the plaintiff has failed to carry the shifted burden of going forward, the motion may be granted and the cause of action dismissed." *Hodge*, 156 Ill. 2d at 116. We review a trial court's dismissal of a complaint under section 2-619(a)(9) *de novo*. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361, 919 N.E.2d 929, 932 (2009).

¶ 36    Rule 191(a) sets forth the requirements for affidavits submitted in favor of motions under section 2-619. Ill. S Ct. R. 191(a) (eff. Jan. 4, 2013). The rule requires, in part, that affidavits be made on the personal knowledge of the affiant and set forth with particularity the facts upon which the claim, counterclaim, or defense is based. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). "[A]ffidavits that are conclusory and fail to state facts with particularity do not strictly comply with Rule 191(a) and may be stricken." *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 382 Ill. App. 3d 334, 383, 887 N.E.2d 474, 521 (2008). "However, it is the burden of the party objecting to the sufficiency of a Rule 191(a) affidavit to challenge the affidavit in the trial court and obtain a ruling thereon." *Cordeck*, 382 Ill. App. 3d at 383. Failure to do so results in forfeiture. See *Cordeck*, 382 Ill. App. 3d at 383. The sufficiency of affidavits cannot be tested for the first time on appeal where no objection was made in the trial court. *Cordeck*, 382 Ill. App. 3d at 383 (quoting *Arnett v. Snyder*, 331 Ill. App. 3d 518, 523, 769 N.E.2d 943, 947 (2001)).

¶ 37    As the appellant, plaintiff "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391, 459 N.E.2d 958, 959 (1984). "[I]n the absence of such a record on appeal, it will be

presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392.

¶ 38       Here, defendant provided the FOIA officer's affidavit establishing there were no additional records relevant to the request. While plaintiff alleged the affidavit was insufficient in his motion to strike, the record does not show plaintiff presented that argument at the hearing on the motion, and nothing shows he provided any counteraffidavit or other evidence to counter the FOIA officer's affidavit. Thus, the record fails to establish plaintiff met his burden to challenge the affidavit. Absent such a record, we presume the trial court's determination was in conformity with law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392.

¶ 39       Plaintiff also contends the menus, which he alleged smelled like "fresh Sharpie," were newly created in response to his request, and thus, are suspect. However, the record does not show plaintiff presented evidence at the hearing to support that assertion. Further, even if the records were newly created, while FOIA does not require the defendant to create records to be responsive to a FOIA request, it does not prohibit the defendant from doing so.

¶ 40                                    D. Timeliness

¶ 41       Plaintiff also contends defendant failed to provide a timely response to his request. Under FOIA, "[e]ach public body shall, promptly, either comply with or deny a request for public records within 5 business days after its receipt of the request, unless the time for response is properly extended." 5 ILCS 140/3(d) (West 2022).

¶ 42       Here, the FOIA officer received the request on Wednesday, February 1, 2023, and responded on Tuesday, February 7, 2023, which was within five business days. "A reviewing court may take judicial notice of the days of the week as they correspond to dates of the month." *People v. Gill*, 2018 IL App (3d) 150594, ¶ 104 n.8, 103 N.E.3d 459. Plaintiff contends the date

should be based on when the agency received the request instead of the date the FOIA officer obtained the request, and he asserts that was on January 16, 2023, which is reflected on the form he submitted by a correctional officer's signature stating the request was picked up.

¶ 43        We do not agree a correctional officer merely picking up a request constitutes receipt by the public body. However, even if we deemed the response untimely, the trial court correctly held it could not grant relief because, as previously discussed, defendant complied with the request. "[O]nce a public body provides the information requested under FOIA, even after a lengthy delay, the controversy over the public body's production of [those] documents ceases to exist," and a plaintiff's continued claim for the production of that information is moot. See *Roxana Community Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶ 41, 998 N.E.2d 961; *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 782, 709 N.E.2d 1281, 1285 (1999); see also *Turner v. Joliet Police Department*, 2019 IL App (3d) 170819, ¶¶ 12-13, 123 N.E.3d 1147 (affirming dismissal of FOIA claim as moot under section 2-619(a)(9) where plaintiff had received the information he had requested from the Joliet Police Department). Thus, any continued claim by plaintiff to the production of the documents already provided to him would be moot and would have been properly dismissed under section 2-619(a)(9). *Turner*, 2019 IL App (3d) 170819, ¶ 13.

¶ 44        Finally, plaintiff argues the untimely denial of his request was intentional and willful, and he seeks attorney fees and civil penalties. FOIA allows civil penalties when an agency's failure to comply is willful or intentional. 5 ILCS 140/11(j) (West 2022). When a response to a FOIA request is untimely, requests for attorney fees and civil penalties remain viable, even when the agency complied with the request. See *Roxana*, 2013 IL App (4th) 120825, ¶¶ 41-42.

¶ 45　　　　　　Here, however, plaintiff, who has appeared *pro se* throughout the proceedings, made no showing he incurred attorney fees. Meanwhile, he did not specifically seek civil penalties in his complaint, and nothing shows he asked the trial court for such relief at the hearing or presented evidence defendant willfully and intentionally failed to comply with his request. Nevertheless, the court specifically found defendant did not willfully or intentionally fail to comply. The record does not refute that finding. Under *Foutch*, we presume the court's determination was in conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Accordingly, plaintiff's argument lacks merit.

¶ 46　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 47　　　　　　For the reasons stated, the judgment of the trial court is affirmed.

¶ 48　　　　　　Affirmed.